# Appendices of State Law

**TABLE OF CONTENTS**

**Page**

**Appendix A:**........................................................................................................................................................1

**Appendix B:**....................................................................................................................................................... 7

**Appendix A:  Authorities in Support of Dismissal of Plaintiffs' State Law Antitrust Claims**

| State Law | Authorities Showing Plaintiffs' State Law Antitrust Claims Should Be Dismissed |
|---|---|
| **Arizona Uniform State Antitrust Act, Ariz. Rev. Stat. § 44-1401 et seq.** (Count II) | Arizona's harmonization statute permits courts to "use as a guide interpretations given by the federal courts to comparable federal antitrust statutes[.]" Ariz. Rev. Stat. § 44-1412; *Aerotec Int'l, Inc. v. Honeywell Int'l, Inc.*, 4 F. Supp. 3d 1123, 1144 (D. Ariz. 2014) (dismissing state law claim "for the same reasons" as the federal antitrust claims because "when interpreting Arizona's antitrust statute, Arizona courts follow[ ] federal law"), *aff'd*, 836 F.3d 1171 (9th Cir. 2016); *see also Tee Time Arrangers, Inc. v. Vistoso Gold Partners, LLC*, No. 1 CA-CV 07-0268, 2008 WL 4149295, at *6-12, n.23 (Ariz. Ct. App. Feb. 28, 2008) (conspiracy under Arizona antitrust law requires plaintiffs to show an agreement and harm to competition). |
| **California Cartwright Act, Cal. Bus. & Prof. Code § 16700 et seq.** (Count III) | California has a judicially-created harmonization doctrine whereby federal law guides courts' interpretation of California's state antitrust law. *See Name.Space, Inc. v. Internet Corp. for Assigned Names and Numbers*, 795 F.3d 1124, 1131 (9th Cir. 2015) (affirming dismissal of Cartwright claim "[b]ecause the analysis under the Cartwright Act . . . is identical to that under the Sherman Act"); *see also Ahn v. Stewart Title Guar. Co.*, No. D080391, 2023 WL 4343144, at *6-7 (Cal. Ct. App. July 5, 2023) (Cartwright Act elements include an agreement and injury stemming from harm to competition). |
| **Connecticut Antitrust Act, Conn. Gen. Stat. § 35-24 et seq.** (Count IV) | Connecticut's harmonization statute requires "that in construing sections 35-24 to 35-46, inclusive, the courts of this state shall be guided by interpretations given by the federal courts to federal antitrust statutes." Conn. Gen. Stat. § 35-44b; *Spinner Consulting LLC v. Stone Point Cap. LLC*, 843 F. App'x 411, 412 (2d Cir. 2021) (applying Sherman Act analysis to dismiss Connecticut antitrust claim); *MacDermid Printing Sols. LLC v. Cortron Corp.*, 833 F.3d 172, 181 (2d Cir. 2016) (citing Connecticut's harmonization statute to hold appellant's "federal and state antitrust claims [were] identical for purposes of this appeal."). |
| **District of Columbia Antitrust Act, D.C. Code § 28-4501 et seq.** (Count V) | The District of Columbia harmonization statute permits courts to "use as a guide interpretations given by federal courts to comparable antitrust statutes." D.C. Code § 28-4515; *Dial A Car, Inc. v. Transportation, Inc.*, 884 F. Supp. 584, 588, n.2 (D.D.C. 1995) ("If the complaint fails to state a claim under the Sherman Antitrust Act, it also fails to state a claim under the District of Columbia Unfair Trade Practices Act . . . ."), *aff'd*, 82 F.3d 484 (D.C. Cir. 1996); *see also Wesley v. Howard Univ.*, 3 F. Supp. 2d 1, 4, n.6 (D.D.C. 1998) ( "An antitrust conspiracy—as with any other conspiracy—requires more than one participant."). |
| **Illinois Antitrust Act, 740 Ill. Comp. Stat. Ann. 10/3(1) et seq.** (Count VI) | Illinois' harmonization statute states, "[w]hen the wording of this Act is identical or similar to that of a federal antitrust law, the courts of this State shall use the construction of the federal law by the federal courts as a guide in construing this Act." 740 Ill. Comp. Stat § 10/11; *Motor Vehicle Software Corp. v. CDK Glob., Inc.*, 2017 WL 5643163, 7 (C.D. Cal. Oct. 2, 2017) (dismissing Illinois antitrust claims "for the same reasons" supporting dismissal of federal antitrust claim); *Gutnayer v. Cendant Corp.*, 116 F. App'x |

| **State Law** | **Authorities Showing Plaintiffs' State Law Antitrust Claims Should Be Dismissed** |
|---|---|
| | 758, 761 (7th Cir. 2004) (per curiam) ("Illinois courts interpret the state antitrust act in accordance with federal law."). |
| **Iowa Competition Law, Iowa Code § 553.1 et seq.** (Count VII) | Iowa's harmonization statute requires courts to use federal law to guide their interpretation of Iowa's state antitrust law. *See* Iowa Code § 553.2 ("This chapter shall be construed to complement and be harmonized with the applied laws of the United States which have the same or similar purpose as this chapter . . . to achieve uniform application of the state and federal laws prohibiting restraints of economic activity and monopolistic practices."); *Double D Spotting Serv., Inc. v. Supervalu, Inc.*, 136 F.3d 554, 558-61 (8th Cir. 1998) (affirming dismissal of Iowa antitrust claims for same reasons supporting dismissal of federal antitrust claims); *Par v. Wolfe Clinic, P.C.*, 2022 WL 2187858, at 11 (S.D. Iowa May 10, 2022) ("Iowa antitrust laws are construed in accordance with federal antitrust laws."), *aff'd*, No. 22-2286, 2023 WL 3808096 (8th Cir. June 5, 2023). |
| **Kansas Restraint of Trade Act, Kan. Stat. Ann. § 50-101 et seq.** (Count VIII) | Kansas's harmonization statute requires courts to use federal law to guide their interpretation of Kansas's antitrust law. *See* Kan. Stat. Ann. § 50-163 ("[T]he Kansas restraint of trade act shall be construed in harmony with ruling judicial interpretations of federal antitrust law by the United States Supreme Court"); *In re Namenda Indirect Purchaser Antitrust Litig.*, 2021 WL 2403727, 40 (S.D.N.Y June 11, 2021) (Kansas's antitrust law among "antitrust statutes of the states in question [that] either contain harmonization provisions or have been interpreted in such a way that supports construing the statute conterminously with federal antitrust statutes."); *Smith v. Philip Morris Companies, Inc.*, 335 P.3d 644, 652 (2014) (similar). |
| **Maine Antitrust Statute, Me. Rev. Stat. Ann. Tit. 10 § 1101 et seq.** (Count IX) | Maine follows a judicially-created harmonization doctrine whereby courts use federal law to guide their interpretation of Maine's state antitrust law. *See Davric Maine Corp. v. Rancourt*, 216 F.3d 143, 149 (1st Cir. 2000) ("We have noted that the Maine antitrust statutes parallel the Sherman Act, and thus have analyzed claims thereunder according to the doctrines developed in relation to federal law."); *In re Dealer Mgmt. Sys. Antitrust Litig.*, 362 F. Supp. 3d 510, 542 (N.D. Ill. 2019) (similar). |
| **Maryland Antitrust Statute, Md. Code Ann. § 11-204 et seq.** (Count X) | Maryland's harmonization statute specifically incorporates the Sherman Act and requires courts to use federal law to guide their interpretation of Maryland's antitrust law. *See* Md. Code Ann. § 11-202(a)(2)(i); *Hinkleman v. Shell Oil Co.*, 962 F.2d 372, 379 (4th Cir. 1992), *as amended* (July 21, 1992) ("[Maryland's] statute provides that federal court interpretations of similar federal laws should guide the interpretation of the Maryland antitrust laws."); *Purity Prod., Inc. v. Tropicana Prod., Inc.*, 702 F. Supp. 564, 574 (D. Md. 1988) (affirming dismissal of federal and Maryland antitrust claims for failure to show concerted conduct), *aff'd sub nom. Purity Prod., Inc. v. Kohlberg, Kravis, Roberts & Co.*, 887 F.2d 1081 (4th Cir. 1989). |

| State Law | Authorities Showing Plaintiffs' State Law Antitrust Claims Should Be Dismissed |
|---|---|
| **Michigan Antitrust Reform Act, Mich. Comp. Laws § 445.771 et seq.** (Count XI) | Michigan's harmonization statute requires courts to "give due deference" to decisions interpreting federal antitrust statutes. *See* Mich. Comp. Laws § 445.784(2); *Am. Council of Certified Podiatric Physicians & Surgeons v. Am. Bd. of Podiatric Surgery, Inc.*, 185 F.3d 606, 619 n.4 (6th Cir. 1999) ("[O]ur reasoning regarding the federal antitrust claims applies equally to the [Michigan] antitrust claims."); *Little Caesar Enters., Inc. v. Smith*, 895 F. Supp. 884, 898 (E.D. Mich. 1995) (similar). |
| **Minnesota Antitrust Law, Minn. Stat. §§ 325D.49 et seq. & 325D.57 et seq** (Count XII) | Minnesota has a judicially-created harmonization doctrine whereby courts use federal antitrust case law to guide their interpretation of Minnesota's state antitrust law. *See TMT Mgmt. Grp., LLC v. U.S. Bank Nat'l Ass'n*, 940 N.W.2d 239, 246 (Minn. Ct. App. 2020) ("Minnesota's antitrust laws are generally interpreted consistently with federal courts' construction of federal antitrust laws."); *see also Hough Transit, Ltd. v. Nat'l Farmers Org.*, 472 N.W.2d 358, 360-61 (Minn. Ct. App. 1991) (Minnesota antitrust law requires the plaintiff to show an unlawful agreement and an unreasonable restraint of trade). |
| **Mississippi Antitrust Statute, Miss. Code Ann. § 75-21-1 et seq.** (Count XIII) | Mississippi has a judicially-created harmonization doctrine whereby courts use federal law to guide their interpretation of Mississippi's state antitrust law. *See Futurevision Cable Sys., Inc. v. Multivision Cable TV Corp.*, 789 F. Supp. 760, 766-75 (D. Miss. 1992) (dismissing Mississippi antitrust claims on the same grounds warranting dismissal of the federal antitrust claims, including for failure to allege a conspiracy or harm to competition); *Walker v. U-Haul of Miss.*, 734 F.2d 1068, 1070-72 (5th Cir. 1984) (similar), *aff'd*, 986 F.2d 1418 (5th Cir. 1993); *Georgia Pac. Corp. v. Cook Timber Co.*, 194 So. 3d 118, 121-24 (Miss. June 30, 2016) ("Section 75–21–1 prohibits *agreements* between market participants to engage in the prohibited practices[.]") (emphasis added). |
| **Nebraska Junkin Act, Neb. Rev. Stat. § 59-801 et seq.** (Count XIV) | Nebraska's harmonization statute requires courts to use federal law to guide their interpretation of Nebraska's antitrust law. *See* Neb. Rev. Stat. Ann. § 59-829 ("When any provision of sections 59-801 to 59-831 and sections 84-211 to 84-214 or any provision of Chapter 59 is the same as or similar to the language of a federal antitrust law, the courts of this state in construing such sections or chapter shall follow the construction given to the federal law by the federal courts."); *Credit Bureau Servs., Inc. v. Experian Info. Sols., Inc.*, 828 N.W.2d 147, 151 (Neb. 2013) (similar). |
| **Nevada Unfair Trade Practices Act, Nev. Rev. Stat. § 598A.010 et seq.** (Count XV) | Nevada's harmonization statute requires that Nevada's antitrust laws "be construed in harmony with prevailing judicial interpretations of the federal antitrust statutes." Nev. Rev. Stat. Ann. § 598A.050; *Boulware v. State of Nev., Dep't of Hum. Res.*, 960 F.2d 793, 800 (9th Cir. 1992) (Nevada statute "tracks the provisions of the Sherman Act" and "adopts by reference the caselaw applicable to the federal antitrust laws."); *In re Lithium Ion Batteries Antitrust Litig.*, 2014 WL 4955377, 9 (N.D. Cal. Oct. 2, 2014) (similar). |

| State Law | Authorities Showing Plaintiffs' State Law Antitrust Claims Should Be Dismissed |
|---|---|
| **New Hampshire Antitrust Statute, N.H. Rev. Stat. Ann. Tit. XXXI § 356 et seq.** (Count XVI) | The New Hampshire harmonization statute permits courts to use "interpretations of the United States' antitrust laws" to guide their interpretation of New Hampshire's antitrust laws. *See* N.H. Rev. Stat. Ann. § 356:14; *Minuteman, LLC v. Microsoft Corp.*, 795 A.2d 833, 837 (N.H. 2002) ("By including RSA 356:14 in the statute, the legislature expressly encouraged a uniform construction with federal antitrust law"); *see also Kenneth E. Curran, Inc. v. Auclair Transp., Inc.*, 128 N.H. 743, 749 (1986) (looking to federal case law in affirming dismissal of New Hampshire antitrust claim for failure to show an agreement). |
| **New Mexico Antitrust Act, N.M. Stat. Ann. § 57-1-1 et seq.** (Count XVII) | The New Mexico harmonization statute requires courts to use federal law to guide their interpretation of New Mexico's antitrust laws. *See* N.M. Stat. Ann. § 57-1-15 ("Unless otherwise provided in the Antitrust Act, the Antitrust Act shall be construed in harmony with judicial interpretations of the federal antitrust laws."); *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 516 F. Supp. 2d 1072 (N.D. Cal. 2007) (similar); *Smith Mach. Corp. v. Hesston, Inc.*, 694 P.2d 501, 505 (N.M. 1985) (similar). |
| **New York General Business Law, N.Y. Gen. Bus. Law § 340 et seq.** (Count XVIII) | New York has a judicially-created harmonization doctrine whereby courts use federal law to guide their interpretation of New York's state antitrust law. *See RxUSA Wholesale, Inc. v. Alcon Labs., Inc.*, 661 F. Supp. 2d 218, 233-34 (E.D.N.Y. 2009) ("[T]he Donnelly Act 'should generally be construed in light of Federal precedent" (quoting *X.L.O. Concrete Corp. v. Rivergate Corp.*, 634 N.E.2d. 158, 161 (N.Y. 1994))); *Anheuser-Busch, Inc. v. Abrams*, 520 N.E.2d 535, 539 (1988) (similar). |
| **North Carolina General Statutes, N.C. Gen. Stat. § 75-1 et seq.** (Count XIX) | North Carolina has a judicially-created harmonization approach that holds federal antitrust cases instructive in interpreting North Carolina's state antitrust law. *See In re Pre-Filled Propane Tank Antitrust Litig.*, No. 14-02567-MD-W-GAF, 2019 WL 4796528, at *14 (W.D. Mo. Aug. 21, 2019) ("[T]he North Carolina Court of Appeals has stated the following: Chapter 75. . . was modeled after the Sherman Act and many of Chapter 75's provisions closely resemble it.'"); *see also Rose v. Vulcan Materials Co.*, 282 N.C. 643, 657-59 (1973) (North Carolina statute requires a showing of a contract and an unreasonable restraint of trade). |
| **North Dakota Uniform State Antitrust Case, N.D. Cent. Code § 51-08.1-01 et seq.** (Count XX) | North Dakota has a judicially-created harmonization doctrine whereby courts use federal law to interpret the state's antitrust laws. *See In re Elec. Books Antitrust Litig.*, No. 11 MD 2293 DLC, 2014 WL 2535112, at *15 (S.D.N.Y. June 5, 2014) ("North Dakota courts look to federal antitrust law in interpreting the NDUSSA."); *Ag Acceptance Corp. v. Glinz*, 684 N.W.2d 632, 639 (N.D. 2004) (applying federal case law to determine whether a tying arrangement was illegal under the NDUSAA). |

| State Law | Authorities Showing Plaintiffs' State Law Antitrust Claims Should Be Dismissed |
|---|---|
| **Oregon Antitrust Law, Or. Rev. Stat. § 646.705 et seq.** (Count XXI) | Oregon's harmonization statute permits courts to use federal law to guide interpretation of Oregon's state antitrust law. *See* OR. REV. STAT. § 646.715(2) ("The decisions of federal courts in construction of federal law relating to the same subject shall be persuasive authority in the construction of [Oregon's antitrust statute]"); *Oregon Laborers-Emps. Health & Welfare Tr. Fund v. Philip Morris Inc.*, 185 F.3d 957, 963 n.4 (9th Cir. 1999) ("Oregon courts look to federal antitrust decisions for 'persuasive' guidance"). |
| **Puerto Rican Anti-Monopoly Act, P.R. Laws Tit. 10 § 260 et seq.** (Count XXII) | Puerto Rico has a judicially-created harmonization doctrine whereby courts use federal law to interpret its antitrust laws. *See Flovac, Inc. v. Airvac, Inc.*, 817 F.3d 849, 853 n.1 (1st Cir. 2016) ("Puerto Rico's antitrust statute is coterminous with the Sherman Act. . . . Thus, the antitrust claims separately brought under Puerto Rico law rise or fall with Flovac's Sherman Act claims and do not warrant independent analysis."); *see also In re Broiler Chicken Antitrust Litig.*, No. 16 C 8637, 2020 WL 4032932, at *3 (N.D. Ill. July 15, 2020) ("[T]he PRAA does not permit claims by indirect purchasers."). |
| **Rhode Island Antitrust Act, 6 R.I. Gen. Laws § 6-36-1 et seq.** (Count XXIII) | Rhode Island's harmonization statute instructs courts to construe its antitrust statute "in harmony with judicial interpretations of comparable federal antitrust statutes insofar as practicable, except where provisions of this chapter are expressly contrary to applicable federal provisions as construed." 6 R.I. Gen. Laws Ann. § 6-36-2(b); *Auburn News Co. v. Providence J. Co.*, 659 F.2d 273, 278 (1st Cir. 1981) ("Rhode Island law provides that its antitrust statutes be construed in harmony with judicial interpretations of comparable federal antitrust statutes insofar as practicable.'"); *Steward Care Sy., LLC v. Blue Cross & Blue Shield of R.I.*, 997 F. Supp. 2d 142, 157 (D.R.I. 2014) (similar); *see also Siena v. Microsoft Corp.*, 796 A.2d 461, 464-65 (R.I. 2002) (Rhode Island statute does not "grant standing to indirect purchasers"). |
| **South Dakota Antitrust Statute, S.D. Codified Laws § 37-1-3.1 et seq.** (Count XXIV) | South Dakota's harmonization statute permits courts to "use as a guide interpretations given by the federal or state courts to comparable antitrust statutes." S.D. Codified Laws § 37–1–22; *In re Pre-Filled Propane Tank Antitrust Litig.*, No. 14-02567-MD-W-GAF, 2019 WL 4796528, at *12 (W.D. Mo. Aug. 21, 2019) ("The South Dakota Supreme Court has explained that 'because of the similarity of language between federal and state antitrust statutes and because of the legislative suggestion for interpretation found in SDCL 37-1-22, great weight should be given to the federal cases interpreting the federal statute.'"); *see also In re Chocolate Confectionary Antitrust Litig.*, 602 F. Supp. 2d 538, 581 (M.D. Pa. 2009) (South Dakota's antitrust statute applies to a "contract, combination, or conspiracy . . . in restraint of trade" and plaintiff must show "defendant's conduct produced anticompetitive effects within South Dakota"). |
| **Tennessee Trade Practices Act, Tenn.** | Tennessee's antitrust law "prohibits *agreements* adversely *affecting competition* in the 'sale of articles imported into this state' or influencing the 'price or the cost to the producer or the consumer of any such |

| State Law | Authorities Showing Plaintiffs' State Law Antitrust Claims Should Be Dismissed |
|---|---|
| Code § 47-25-101 et seq. (Count XXV) | product or article.'" *Freeman Indus., LLC v. Eastman Chem. Co.*, 172 S.W.3d 512, 522 (Tenn. 2005) (quoting Tenn. Code Ann. § 47–25–101 (2001)); *see also Medison Am., Inc. v. Preferred Med. Sys., LLC*, 548 F. Supp. 2d 567, 585 (W.D. Tenn. 2007) (dismissing Tennessee antitrust claim where plaintiff failed to show defendants "were part of any arrangement, contract, agreement, trust, or combination that caused Medison injury"), *aff'd*, 357 F. App'x 656 (6th Cir. 2009). |
| **Utah Antitrust Act, Utah Code Ann. § 76-10-3101 et seq.** (Count XXVI) | Utah's harmonization statute requires courts to use "interpretations given by the federal courts to comparable federal antitrust statutes" to guide their interpretation. Utah Code Ann. § 76-10-3118, *formerly* § 76-10-926; *Am. Airlines v. Christensen*, 967 F.2d 410, 414 (10th Cir. 1992) ("[T]he Utah Antitrust Act does not apply for the same reason that the Sherman Act does not apply."); *Registered Physical Therapists, Inc. v. Intermountain Health Care, Inc.*, No. 86-C-0076J, 1988 WL 125788, at *9 (D. Utah Sept. 6, 1988) (similar); *see also Harvey v. Ute Indian Tribe of Uintah & Ouray Rsrv.*, 416 P.3d 401, 423-24 (2017) (Utah's antitrust law requires "[a] contract, combination, or conspiracy [among] two or more people; it cannot consist of unilateral or independent action"). |
| **West Virginia Antitrust Act, W. Va. Code § 47-18-1 et seq.** (Count XXVII) | West Virginia's harmonization statute requires courts to construe the state antitrust law "in harmony with ruling judicial interpretations of comparable federal antitrust statutes." W. VA. CODE § 47-18-16; *Kerns v. Range Res. - Appalachia, LLC*, No. 1:10CV23, 2011 WL 3753117, at* 5 (N.D.W. Va. Aug. 23, 2011) ("[T]he adequacy of the plaintiff's WVATA claim rises or falls on the viability of its federal antitrust claim."); *Gray v. Marshall Cnty. Bd. of Educ.*, 367 S.E.2d 751, 755 (W. Va. 1988) (similar); *Mountain State Mech. Insulation, Inc. v. Bell Constructors, LLC*, 2012 WL 2995213, at *4 (N.D.W. Va. July 23, 2012) (similar). |
| **Wisconsin Antitrust Act, Wis. Stat. § 133.01 et seq.** (Count XXVIII) | Wisconsin has a judicially-created harmonization doctrine whereby courts use federal law to interpret the state's antitrust laws. *See In re Elec. Books Antitrust Litig.*, 2014 WL 2535112, *18 ("[T]he WAA parallels Section 1 of the Sherman Act" and requires a showing of a "contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce"); *see also Emergency One, Inc. v. Waterous Co.*, 23 F.Supp.2d 959, 970 (E.D. Wis. 1998) ("Wisconsin case law makes clear that federal court decisions construing the Sherman Act control application of Wisconsin antitrust law, including determination of what acts constitute a combination or conspiracy in restraint of trade.") (internal quotation marks omitted). |

**Appendix B: Authorities in Support of Dismissal of Plaintiffs' State Law Consumer Protection Claims**

| State Law | Authorities Showing Plaintiffs' State Law Consumer Protection Claims Should Be Dismissed |
|---|---|
| **California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 et seq.** (Count XXIX) | *Hicks v. PGA Tour, Inc.*, 165 F. Supp. 3d 898, 911 (N.D. Cal. 2016), *aff'd in part, vacated on other grounds*, 897 F.3d 1109 (9th Cir. 2018) ("[W]here the same conduct alleged to be unfair under the UCL is also alleged to be a violation of another law, the UCL claim rises or falls with the other claims."); *Los Gatos Mercantile, Inc v. E.I. DuPont De Nemours & Co.*, No. 13-CV-01180-BLF, 2014 WL 4774611, at *10 (N.D. Cal. Sept. 22, 2014) ("Because Plaintiffs have failed to state a claim for an antitrust violation, they have failed to state a claim under the UCL based upon the alleged anticompetitive conduct."); *Clark v. Westbrae Nat., Inc.*, No. 20-CV-03221-JSC, 2021 WL 1580827, at *4 (N.D. Cal. Apr. 22, 2021) (dismissing UCL claim because the predicate claims, including a Sherman Act claim, failed).<br><br>Although the Ninth Circuit in *Epic Games, Inc. v. Apple, Inc.* recently noted that a business practice may be "unfair" under the UCL, "even if not specifically proscribed by some other law," it also explained that categorical antitrust rules, like the *Colgate* doctrine, may provide a safe harbor from a UCL claim. 67 F.4th 946, 1001 (9th Cir. 2023) ("A California Court of Appeal … held that the *Colgate* doctrine—that it is lawful for a company to unilaterally announce the terms on which it will deal—precluded a UCL action.") (quoting *Chavez v. Whirlpool Corp.*, 93 Cal. App. 4th 363, 367 (2001)). *See also Krantz v. BT Visual Images*, 89 Cal. App. 4th 164, 178 (2001) (holding that UCL claim "stand[s] or fall[s] depending on the fate of the antecedent substantive causes of action"). |
| **District of Columbia Consumer Protection Procedures Act, D.C. Code § 28-3901, et seq.** (Count XXX) | *In re Aluminum Warehousing Antitrust Litig.*, No. 13-MD-2481 KBF, 2014 WL 4743425, at *1 (S.D.N.Y. Sept. 15, 2014), *aff'd*, 833 F.3d 151 (2d Cir. 2016) (dismissing consumer protection claims, including under D.C. statute, where plaintiffs relied on the same allegations that failed to state federal antitrust claims); *In re Digital Music Antitrust Litig.*, 592 F. Supp. 2d 435, 450–51 (S.D.N.Y. 2008) (dismissing District of Columbia and other state consumer protection claims and finding that "[the court's] conclusion that Plaintiffs have not adequately alleged [a federal antitrust] violation necessarily precludes their attempt to recast that violation as an unfair business practice"), *vacated and remanded on other grounds, sub nom. Starr v. Sony BMG Music Entm't*, 592 F.3d 314 (2d Cir. 2010). Further, an alleged antitrust violation is by itself insufficient to plead a claim under the District of Columbia Consumer Protection Procedures Act. *See, e.g.*, *In re Graphics Processing Units Antitrust Litig.*, 527 F. Supp. 2d 1011, 1030 (N.D. Cal. 2007) (dismissing claim where antitrust allegations failed to allege "unconscionable conduct"). |
| **Florida Deceptive and Unfair Trade Practices Act, Fla.** | *QSGI, Inc. v. IBM Glob. Fin.*, No. 11-80880-CIV, 2012 WL 1150402, at *4 (S.D. Fla. Mar. 14, 2012) ("When, as here, a plaintiff's FDUTPA claim is based on the same allegations as its antitrust claim, failure to establish a violation of antitrust law is sufficient to conclude that the plaintiff has also failed to state a |

| State Law | Authorities Showing Plaintiffs' State Law Consumer Protection Claims Should Be Dismissed |
|---|---|
| Stat. § 501.201(2) et seq.<br>(Count XXXI) | FDUTPA claim."); *JES Properties, Inc. v. USA Equestrian, Inc.*, No. 802CV1585T24MAP, 2005 WL 1126665, at *19 n.23 (M.D. Fla. May 9, 2005), *aff'd*, 458 F.3d 1224 (11th Cir. 2006) ("Plaintiffs concede that their FDUTPA claims 'survive' or 'fall' with their antitrust claims."); *Oliver v. Am. Express Co.*, No. 19-CV-566-NGG-SMG, 2020 WL 2079510, at *17 (E.D.N.Y. Apr. 30, 2020) ("Because Plaintiffs' claim under the FDUTPA is identical to their antitrust claim, it must be dismissed."). |
| Hawaii Revised Statutes Annotated §§ 480-1 et seq.<br>(Count XXXII) | *In re Aluminum Warehousing Antitrust Litig.*, 2014 WL 4743425, at *1 (dismissing consumer protection claims, including under Hawaii statute, where plaintiffs relied on the same allegations that failed to state federal antitrust claims). Further, failure to comply with statute's notice requirement "warrants dismissal." *In re Chocolate Confectionary Antitrust Litig.*, 749 F.Supp.2d 224, 232 (M.D. Pa. 2010). |
| Idaho Consumer Protection Act, Idaho Code § 48-601 et seq.<br>(Count XXXIII) | *In re Aluminum Warehousing Antitrust Litig.*, 2014 WL 4743425, at *1 (dismissing consumer protection claims, including under Idaho statute, where plaintiffs relied on the same allegations that failed to state federal antitrust claims). Further, the Idaho Supreme Court has "expressly held that indirect purchasers may not bring suit under the Idaho Consumer Protection Act." *In re Static Random Access Memory (SRAM) Antitrust Litig.*, 580 F.Supp.2d 896, 907 (N.D. Cal. 2008). |
| Massachusetts Consumer Protection Act, Mass. Gen. Laws Ch. 93A § 1 et seq.<br>(Count XXXIV) | *In re Suboxone (Buprenorphine Hydrochloride & Naloxone) Antitrust Litig.*, No. 13-MD-2445, 2017 WL 4642285, at *1 n.1, *13 (E.D. Pa. Oct. 17, 2017) (dismissing claims under Mass. Gen. Laws Ch. 93A § 2 (among others) where "Plaintiffs fail to identify any activities by [Defendants], aside from those set forth in support of the federal antitrust claims"); *In re Tamoxifen Citrate Antitrust Litig.*, 277 F. Supp. 2d 121, 139-40 (E.D.N.Y. 2003), *aff'd*, 466 F.3d 187 (2d Cir. 2006) (similar). |
| Missouri Merchandising Practices Act, Mo. Ann. Stat. § 407.010 et seq.<br>(Count XXXV) | *In re Suboxone Antitrust Litig.*, 2017 WL 4642285, at *1 n.1, *13 (dismissing claims under Missouri statute (among others) where "Plaintiffs fail to identify any activities by [Defendants], aside from those set forth in support of the federal antitrust claims"); *In re Aluminum Warehousing Antitrust Litig.*, 2014 WL 4743425, at *1 (similar). Further, indirect purchasers lack standing to bring this claim. *See Ireland v. Microsoft Corp.*, No. 00CV-201515, 2001 WL 1868946, at *1 (Mo. Cir. Ct. Jan. 24, 2001) (finding *Illinois Brick* "controlling and applicable to plaintiff's claims under the Missouri Antitrust Laws and the Missouri Merchandising Practices Act"); *In re New Motor Vehicles Canadian Exp. Antitrust Litig.*, 350 F. Supp. 2d 160, 192 (D. Me. 2004) (same). |

| State Law | Authorities Showing Plaintiffs' State Law Consumer Protection Claims Should Be Dismissed |
|---|---|
| **Montana Unfair Trade Practices & Consumer Protection Act of 1970, Montana Code §§ 30-14-103 & 30-14-201 et seq.** (Count XCCVI) | *In re Aluminum Warehousing Antitrust Litig.*, 2014 WL 4743425, at *1 (dismissing consumer protection claims, including under Montana's statute, where plaintiffs relied on the same allegations that failed to state federal antitrust claims). *See also In re TFT-LCD (Flat Panel) Antitrust Litig.*, 599 F. Supp. 2d 1179, 1187 (N.D. Cal. 2009) ("giv[ing] 'due weight' to *Illinois Brick* and dismiss[ing] the indirect purchaser plaintiffs' claims" under Montana Unfair Trade Practices Act). Montana also does not permit a plaintiff to bring a class action for damages under this statute. *See* Mont. Code Ann. § 30-14-133(1) ("A consumer . . . may bring an individual but not a class action . . . ."); *In re Target Corp. Customer Data Sec. Breach Litig.*, 66 F. Supp. 3d 1154, 1165 (D. Minn. 2014) (similar). |
| **Nebraska Consumer Protection Act, Neb. Rev. Stat. § 59-1602 et seq.** (Count XXXVII) | *In re Aluminum Warehousing Antitrust Litig.*, 2014 WL 4743425, at *1 (dismissing consumer protection claims, including under Nebraska statute, where plaintiffs relied on the same allegations that failed to state federal antitrust claims); *In re Digital Music Antitrust Litig.*, 592 F. Supp. 2d at 450–51 (dismissing Nebraska and other state consumer protection claims and finding that "[the court's] conclusion that Plaintiffs have not adequately alleged [a federal antitrust] violation necessarily precludes their attempt to recast that violation as an unfair business practice"), *vacated and remanded on other grounds, sub nom. Starr v. Sony BMG Music Entm't*, 592 F.3d 314 (2d Cir. 2010). |
| **Nevada Deceptive Trade Practices Act, Nev. Rev. Stat. § 598.0903 et seq.** (Count XXXVIII) | *In re Aluminum Warehousing Antitrust Litig.*, 2014 WL 4743425, at *1 (dismissing consumer protection claims, including under Nevada statute, where plaintiffs relied on the same allegations that failed to state federal antitrust claims); *In re Tamoxifen Citrate Antitrust Litig.*, 277 F. Supp. 2d at 139-40 (similar). |
| **New Hampshire Consumer Protection Act, N.H. Rev. Stat. Ann. Tit. XXXI § 358-A:1** (Count XXXIX) | *In re Aluminum Warehousing Antitrust Litig.*, 2014 WL 4743425, at *1 (dismissing claims, including under New Hampshire statute, where plaintiffs relied on the same allegations that failed to state federal antitrust claims). The New Hampshire statute also reaches only "trade or commerce within [New Hampshire]," and alleging increased prices paid in the state is insufficient. *In re Refrigerant Compressors Antitrust Litig.*, 2:09-MD-02042, 2013 WL 1431756, at *17-18 (E.D. Mich. Apr. 9, 2013) (dismissing New Hampshire claim because complaint failed to allege "that any unfair or deceptive act or practice took place in New Hampshire"); *In re Lithium Ion Batteries Antitrust Litig.*, 13-MD-2420 YGR, 2014 WL 4955377, at *22 (N.D. Cal. Oct. 2, 2014) ("[M]erely selling a good in New Hampshire is not enough"). |

| State Law | Authorities Showing Plaintiffs' State Law Consumer Protection Claims Should Be Dismissed |
|---|---|
| **New Mexico Unfair Practices Act, N.M. Stat. Ann. § 57-12-1 et seq.** (Count XL) | *In re Suboxone Antitrust Litig.*, 2017 WL 4642285, at *1 n.1, *13 (dismissing claims under New Mexico statute (among others) where "Plaintiffs fail to identify any activities by [Defendants], aside from those set forth in support of the federal antitrust claims"); *In re Tamoxifen Citrate Antitrust Litig.*, 277 F. Supp. 2d at 139-40 (similar); *In re Aluminum Warehousing Antitrust Litig.*, 2014 WL 4743425, at *1 (similar). |
| **North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. § 75-1.1 et seq.** (Count XLI) | *R. J. Reynolds Tobacco Co. v. Philip Morris Inc.*, 199 F. Supp. 2d 362, 396 (M.D.N.C. 2002), *aff'd sub nom. RJ Reynolds Tobacco Co. v. Philip Morris USA, Inc.*, 67 F. App'x 810 (4th Cir. 2003) (dismissing North Carolina Unfair and Deceptive Trade Practices Act claim because "Plaintiffs do not allege any facts that suggest that Defendant's conduct is unlawful beyond the conduct that is the basis for their failed federal claims"); *In re Suboxone Antitrust Litig.*, 2017 WL 4642285, at *1 n.1, *13 (similar); *In re Tamoxifen Citrate Antitrust Litig.*, 277 F. Supp. 2d at 139–40 (similar).  Dismissal is also warranted because Plaintiffs do not allege that conspiratorial conduct took place in North Carolina, and there is no representative plaintiff who alleges a purchase in North Carolina.  *See* Gen. Stat. § 75-1; *In re Cast Iron Soil Pipe And Fittings Antitrust Litig.*, No. 1:14-MD-2508, 2015 WL 5166014, at *25 (E.D. Tenn. June 24, 2015) ("[P]laintiffs must allege that at least part of the violation took place in North Carolina."); *In re Refrigerant Compressors Antitrust Litig.*, 2013 WL 1431756, at *14 (similar). |
| **Rhode Island Deceptive Trade Practices Act, R.I. Gen. Laws § 6-13.1-1 et seq.** (Count XLII) | *In re Suboxone Antitrust Litig.*, 2017 WL 4642285, at *1 n.1, *13 (dismissing claims under R.I. Gen. Laws Ann. § 6-13.1-3 (among others) where "Plaintiffs fail to identify any activities by [Defendants], aside from those set forth in support of the federal antitrust claims"); *In re Aluminum Warehousing Antitrust Litig.*, 2014 WL 4743425, at *1 (similar).  Further, Rhode Island's unfair competition statute does not permit claims based on antitrust violations.  *See In re Graphics Processing Units Antitrust Litig.*, 527 F. Supp. 2d at 1030 (finding Rhode Island statute "foreclose[s] claims based on antitrust violations"); *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 516 F. Supp. 2d 1072, 1116 (N.D. Cal. 2007) (dismissing claim under R.I. Gen. Laws § 6-13.1-1 because conspiracy does not fall within the enumerated list of conduct that constitutes "unfair methods of competition and unfair or deceptive acts or practices"). |
| **South Carolina Unfair Trade Practices Act, S.C. Code Ann. §§ 39-5-10 et seq.** | *In re Suboxone Antitrust Litig.*, 2017 WL 4642285, at *1 n.1, *13 (dismissing claims under S.C. Code Ann. § 39-5-20(b) (among others) where "Plaintiffs fail to identify any activities by [Defendants], aside from those set forth in support of the federal antitrust claims").  Further, an alleged antitrust conspiracy is insufficient to plead a claim under the SCUTPA.  *See In re Propranolol Antitrust Litig.*, 249 F. Supp. 3d 712, 729 (S.D.N.Y. 2017) ("[I]f failure to disclose participation in a purported antitrust conspiracy were |

| State Law | Authorities Showing Plaintiffs' State Law Consumer Protection Claims Should Be Dismissed |
|---|---|
| (Count XLIII) | sufficient to state a consumer-protection claim, then any Section 1 antitrust case would automatically become a consumer-protection case"). The SCUTPA does not permit claims for damages as class actions. *See* S.C. Code Ann. § 39–5–140 (persons bringing suit "may bring an action individually, but not in a representative capacity, to recover actual damages"); *see also In re DRAM Antitrust Litig.*, 516 F. Supp. 2d at 1103-04 (SCUTPA "cannot be enforced by way of a class action suit"); *In re Auto. Parts Antitrust Litig.*, No. 12-MD-02311, 2015 WL 13834708, at *6 (E.D. Mich. May 1, 2015) (similar). |
| **Utah Consumer Sales Practices Act, Utah Code Ann. §§ 13-11-1 et seq.** (Count XLIV) | *In re Aluminum Warehousing Antitrust Litig.*, 2014 WL 4743425, at *1 (dismissing consumer protection claims, including under Utah statute, where plaintiffs relied on the same allegations that failed to state federal antitrust claims). Further, an alleged antitrust violation is insufficient to plead a claim under the Utah Consumer Sales Practices Act. *See In re DRAM Antitrust Litig.*, 516 F. Supp. 2d at 1117 ("[T]he court refrains from unnecessarily enlarging the scope of the CSPA, and declines to hold that plaintiffs' antitrust claim, as alleged in the complaint, may be asserted under the statute"). |
| **Vermont Consumer Fraud Act, Vt. Stat. Ann. Tit. 9, Ch. 63 § 2451 et seq.** (Count XLV) | *In re Suboxone Antitrust Litig.*, 2017 WL 4642285, at *1 n.1, *13 (dismissing claims under Vt. Stat. Ann. Tit. 9 § 2453(b) (among others) where "Plaintiffs fail to identify any activities by [Defendants], aside from those set forth in support of the federal antitrust claims"); *In re Tamoxifen Citrate Antitrust Litig.*, 277 F. Supp. 2d at 139–40 (similar); *In re Aggrenox Antitrust Litig.*, No. 3:14-MD-2516 (SRU), 2016 WL 4204478, at *9 (D. Conn. Aug. 9, 2016) ("[Plaintiff] has not offered authority for the proposition that the Vermont Consumer Fraud Act reaches antitrust conduct."). |