UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PORTABLE POWER, INC., et al.,<br><br>   Plaintiffs,<br><br>   v.<br><br>ENERGIZER HOLDINGS, INC., et al.,<br><br>   Defendants. | Case No. 23-cv-02091-PCP<br><br>**ORDER GRANTING MOTION FOR LEAVE TO AMEND**<br><br>Re: Dkt. Nos. 108, 109, 110, 113, 120, 123, 130, 138 |

Defendant Energizer Holdings, Inc. has moved for leave to amend its answer to assert counterclaims against plaintiff Portable Power, Inc. and to join counterclaim-defendants Richard Petretti and Stephanie Rice. For the reasons that follow, the Court grants the motion.

## BACKGROUND

In this putative class action, Portable Power—a seller of Energizer's battery products—alleges that defendants Energizer and defendant Wal-mart, Inc. engaged in anticompetitive pricing practices to ensure lower prices for Energizer products sold by Wal-mart than for those sold by other sellers. Energizer filed an answer to Portable Power's complaint in March 2024, and this Court issued a case management order setting a June 2024 deadline to amend the pleadings and an August 2026 fact discovery deadline. Portable Power has filed a motion for class certification, which is set for hearing in May 2026. Trial is scheduled to begin in March 2028.

Though the deadline for amending the pleadings has passed, Energizer now moves for leave to amend its answer to assert counterclaims against Portable Power. Energizer also seeks to join Petretti (Portable Power's owner) and Rice (the Energizer contractor who formerly managed Portable Power's account) as counterclaim-defendants. Energizer's proposed counterclaims allege that Portable Power, Petretti, and Rice conspired to misappropriate Energizer's confidential business information in order to "manufacture [t]his suit against Energizer." The counterclaims

assert state-law claims for conversion, civil conspiracy, misappropriation of trade secrets, and unfair competition and a federal claim under the Defend Trade Secrets Act, 18 U.S.C. § 1836 *et seq.*

In its motion, Energizer asserts that it learned of the factual basis for its counterclaims only in recent months when Portable Power disclosed previously unavailable communications between Petretti and Rice, including emails and text messages sent and received by Rice on her personal phone and email account. While Energizer served requests for production of such documents in April 2024, several months before the amendment deadline, Portable Power did not produce the documents until one year later. Portable Power opposes Energizer's motion on the grounds that Energizer was not sufficiently diligent in discovering the factual basis for its counterclaims and that allowing Energizer to amend its answer would unduly prejudice Portable power.

**DISCUSSION**

**I.      Energizer's motion to amend is granted.**

"When a party seeks to amend a pleading after the pretrial scheduling order's deadline for amending the pleadings has passed, the liberal standard of Federal Rule of Civil Procedure 15 no longer applies." *MGI Digital Tech. S.A. v. Duplo U.S.A. Corp.*, No. SA CV 22-00979-DOC, 2023 WL 9019024, at *1 (C.D. Cal. Oct. 17, 2023) (citing *Academy of Country Music v. ACM Records, Inc.*, No. 13-CV-02448-DPP, 2014 WL 2586859, at *2 (C.D. Cal. June 10, 2014) and *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992)). Instead, "[o]nce the district court ha[s] filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16 which establishe[s] a timetable for amending pleadings[,] that rule's standards control[ ]." *Johnson*, 975 F.2d at 607–08. To amend a pleading after the scheduling order deadline, then, the moving party must both demonstrate good cause to modify the scheduling order under Rule 16(b) and show that amendment is warranted under Rule 15(a). *Id.* at 608. The propriety of a Rule 15 motion to amend depends on "the presence of any four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 2014). And "[al]though prejudice to the opposing party is relevant, diligence is Rule 16(b)'s primary focus." *Srigley v. Monterey Peninsula Yacht Club, Inc.*, 748 F. Supp. 3d 801, 803 (N.D. Cal.

2

2024) (citing *Johnson*, 975 F.2d at 609).

Energizer argues that good cause exists for modifying the amendment deadline under Rule 16 because it did not learn of the factual basis for its counterclaims until recent months, when Portable Power disclosed certain text messages and emails between Petretti and Rice. *See Srigley v. Monterey Peninsula Yacht Club, Inc.*, 748 F. Supp. 3d 801, 803 (N.D. Cal. 2024) (finding good cause where the issues underlying a newly asserted defense became clear only after amendment deadline). Portable Power insists that Energizer was insufficiently diligent and should have discovered the basis for its counterclaims before the amendment deadline because (1) Rice either copied Energizer employees on some of her emails disclosing business information to Petretti or told such employees about the disclosures after the fact; (2) many of Rice's disclosures to Petretti were from her Energizer work email address, which Energizer has access to and could have searched; and (3) it was clear from Portable Power's original complaint in 2023 that Rice was the source of much of the information underlying Portable Power's claims.

Even if all three of Portable Power's contentions are true, however, Energizer has still shown good cause. Portable Power does not dispute that well after the deadline for amending pleadings it disclosed certain communications between Petretti and Rice that were previously unavailable to Energizer because they were sent from Rice's personal email or phone. In at least one of these previously undisclosed emails from Rice's personal email address, Rice disclosed information on Energizer's pricing policies that, as she later texted Petretti, she "couldn't send from [her] work." This disclosure—which Portable Power does not contend Energizer could have known about until recently—could independently serve as the basis for conversion, civil conspiracy, UCL, and misappropriation claims under Energizer's as-yet-uncontested legal theories. Energizer therefore has good cause to request modification of the amendment deadline to add claims based on this new evidence. *See Amarte USA Holdings, Inc. v. Kendo Holdings, Inc.*, No. 22-CV-08958-CRB, 2023 WL 8420896, at *9 (N.D. Cal. Dec. 4, 2023) ("[D]iscovery of new evidence is often sufficient to satisfy the good cause standard." (quoting *Macias v. Cleaver,* No. 1:13-CV-01819-BAM, 2016 WL 8730687 *4 (E.D. Cal. Apr. 8, 2016))). That is true even if Energizer may have earlier suspected that Rice disclosed this information to Portable Power. *See*

3

*id.* ("[H]aving a suspicion and having sufficient information to … [plead] a claim … are two very different matters." (quoting *Reald Spark, LLC v. Microsoft Corp.*, No. 2:22-CV-00942-TL, 2023 WL 7110505 *3 (W.D. Wash. Oct. 27, 2023))). As this Court has previously explained, "waiting to amend a complaint or answer until a strong evidentiary basis for the amended claims has been developed is preferable to prematurely asserting those claims on the basis of a limited record that may or may not support them." *Entangled Media, LLC v. Dropbox Inc.*, 348 F.R.D. 649, 655 (N.D. Cal. 2025)

Energizer has also established that amendment is proper under Rule 15(a). That rule instructs courts to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Accordingly, courts in this circuit apply Rule 15 "with extreme liberality." *Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014). Portable Power nevertheless argues that the Court should deny Energizer leave to amend because Energizer's proposed amendments would cause "undue prejudice." *See Griggs*, 170 F.3d at 880.[1]

Portable Power has not established the sort of "substantial prejudice or substantial negative effect" that warrants denying leave to amend. *Entangled Media*, 348 F.R.D. at 656. The crux of Portable Power's argument is that Energizer is seeking to amend too close to the class-certification hearing in an effort to "tarnish" Portable Power as a potential class representative, *Lou v. Ma Lab'ys, Inc.*, 2013 WL 3989425, at *3 (N.D. Cal. Aug. 2, 2013), creating a "late-inning knuckleball," *Johnson v. Hewlett-Packard Co.*, 809 F. Supp. 2d 1114, 1121 (N.D. Cal. 2011). But the cases on which Portable Power relies do not suggest that granting a defendant leave to amend is improper wherever it might impact the Court's decision on class certification.

In *Lou*, a court in this district granted a plaintiff's motion to dismiss state-law counterclaims for lack of supplemental jurisdiction, as the counterclaims did not "form part of the

---

[1] Because this Court prefers to address merits arguments on a motion to dismiss, Portable Power's opposition to Energizer's motion does not argue that Energizer's proposed amendments would be futile. For the avoidance of doubt, the Court notes that Portable Power has not waived any challenge to the legal sufficiency of Energizer's proposed counterclaims, and Portable Power may raise such arguments in any motion to dismiss. Portable Power also has not argued that joinder of Petretti or Rice as counterclaim defendants would be improper. Petretti and Rice may assert arguments concerning the propriety of their joinder in any motion to dismiss.

4

same case or controversy as plaintiff's … claim." *See Lou*, 2013 WL 3989425, at *3. The *Lou* court noted that "in proposed class actions, defense counsel are fond of asserting counterclaims for the principal purpose of tarnishing the plaintiff in his or her role as the class representative, the argument being that the class should not be saddled with a representative encumbered with individual counterclaims." *Id.* But the court explained:

> *If it were specifically alleged in the counterclaim that the alleged misconduct was particular to the class proceeding itself*, there would be a stronger nexus between the counterclaim and the class allegations. Possibly such a counterclaim would have been allowed. Here, however, there is no such allegation, and all we have is a generic allegation that the proposed representative in some vague way unrelated to the class proceedings left the premises with company documents.

*Id.* (emphasis added). In contrast to *Lou*, Energizer's counterclaims allege misconduct by Petretti, Rice, and Portable Power that was intended to "manufacture [t]his suit" by providing Portable Power with the confidential information concerning Energizer's allegedly anticompetitive pricing practices that Portable Power needed to establish an antitrust violation. If anything, *Lou* suggests that allowing such counterclaims is proper.

In *Johnson*, another court in this district denied the plaintiffs leave to amend their complaint to "clarify" the scope of their claims because doing so "would require dramatically expanding discovery on the eve of summary judgment" and after the parties had completed extensive discovery on plaintiffs' original theory of the case and had fully briefed defendant's summary-judgment motions. 809 F. Supp. 2d at 1121. It was this "late-inning knuckleball" that the court found improper because it "would create the sort of moving target courts find to be unduly prejudicial." *Id.* at 1121–22. Again, that does not suggest that Energizer's addition of counterclaims which do *not* attempt to reframe previously asserted legal theories and come more than five months before a hearing on class certification would prejudice Portable Power.

Portable Power's remaining arguments—that it would be prejudiced by the need to engage in additional discovery on the counterclaims or to shift the focus of this litigation away from its own antitrust claims—are unavailing. The close of fact discovery is more than 8 months away, leaving sufficient time for discovery on the counterclaims. *See Srigley*, 748 F. Supp. 3d at 804–05.

1   And while Portable Power is correct that the legal theories underlying Energizer's counterclaims
2   differ from Portable Power's antitrust claims, the counterclaims arise from closely related facts
3   (that is, the business relationship between Portable Power and Energizer and the sharing or hiding
4   of information related to Energizer's pricing practices). *See Peri Formwork Sys., Inc. v. Legendary*
5   *Builders Corp.*, No. CV167517VAPPJWX, 2017 WL 10434390, at *3 (C.D. Cal. May 12, 2017)
6   (rejecting a similar argument that "the addition of Defendant's counterclaims … w[ould] 'vastly
7   alter the nature of this litigation by adding additional claims and parties'" where "Defendant's
8   proposed counterclaims … closely relate[d] to the facts [plaintiff] pleaded in its complaint").
9       Because Energizer has demonstrated good cause and allowing amendment will not unduly
10  prejudice Portable Power, the Court grants Energizer's motion for leave to amend its answer.

**II.     The motions to seal are granted in part and denied in part.**

    In connection with the briefing on Energizer's motion, the parties filed several administrative motions to seal. Pursuant to this Court's order, Dkt. No. 125, the parties filed a joint motion consolidating their sealing requests. The "compelling reasons standard" governs the parties' sealing requests. *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)

    Insofar as Energizer seeks in the consolidated motion to redact information contained in Portable Power's opposition brief, it is denied. "Only in rare circumstances should a party seek to file portions of a … brief under seal." Civ. L.R. 79-5(e). Energizer has not demonstrated that this is one of those rare circumstances. It offers only vague and conclusory assertions that the information it seeks to redact in Portable Power's brief would cause competitive harms or reveal confidential information. *See In re Meta Pixel Tax Filing Cases*, No. 22-CV-07557-PCP, 2025 WL 1872974, at *3 (N.D. Cal. May 9, 2025) ("[V]ague references to competitive harms … provide the Court with an inadequate explanation of how public dissemination of the specific material it seeks to seal would harm its competitive standing.") Portable Power is ordered to file an unredacted version of its opposition brief on the public docket within 14 days of this order.

    Energizer's requests to seal the exhibits submitted with the briefing are denied without prejudice on the basis of their overbreadth. Any renewed motion must comply with Local Rule 79-

6

5(a), which requires parties to "minimize the number of documents under seal" and to avoid sealing documents in their entirety. "[O]verly broad requests to seal may result in the denial of the motion." Civ. L. R. 79-5(f)(6). Energizer may file a consolidated, narrowly tailored sealing motion addressing the exhibits to the briefing on its motion within 14 days of this order. Failure to limit proposed redactions to genuinely sensitive information will result in denial of the motion and an order that all exhibits be filed on the public docket.

Portable Power's limited requests to redact information from Energizer's amended answer and counterclaims are granted. The Court has determined that compelling reasons support the sealing of this information, which contains personally identifiable information (i.e., personal phone numbers) and sensitive revenue data. *See Malan v. Martinez Refin. Co. LLC*, No. 23-cv-04184-HSG, 2025 WL 2780822, at *9 (N.D. Cal. Sep. 30, 2025); *Laatz v. Zazzle, Inc.*, No. 22-cv-04844-BLF, 2025 WL 2607667, at *3 (N.D. Cal. Aug. 28, 2025).

The parties are also ordered to file, within 14 days of this order, unredacted versions of the documents they previously filed under seal but that are no longer subject to a sealing request, Dkt. Nos. 120-14, 130-3.

## CONCLUSION

For the foregoing reasons, Energizer's motion for leave to amend is granted. Energizer's sealing requests are denied, and Portable Power's sealing requests are granted. The parties are ordered to file on the public docket unredacted versions of Portable Power's opposition brief and the dockets filed provisionally under seal in connection with this matter that are no longer subject to sealing requests. Should Energizer seek to renew its sealing motions with respect to the exhibits filed in this matter, it must propose a narrower set of redactions and provide a declaration establishing a valid basis for sealing those portions of the exhibits within 14 days of this order.

**IT IS SO ORDERED.**

Dated: December 29, 2025

P. Casey Pitts
United States District Judge