UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DON COPELAND, et al., | Case No.  23-cv-02087-PCP (SVK) |
| Plaintiffs, | **ORDER RE DEFENDANT'S MOTION TO COMPEL PRODUCTION RE PRIVILEGED DOCUMENT** |
| v. | |
| ENERGIZER HOLDINGS, INC., et al., | Re: Dkt. No. 137 |
| Defendants. | |
| PORTABLE POWER, INC., et al., | Case No.  23-cv-02091-PCP (SVK) |
| Plaintiffs, | |
| v. | Re: Dkt. No. 143 |
| ENERGIZER HOLDINGS, INC., et al., | |
| Defendants. | |
| KIMBERLY SCHUMAN, et al., | Case No.  23-cv-02093-PCP (SVK) |
| Plaintiffs, | |
| v. | Re: Dkt. No. 114 |
| ENERGIZER HOLDINGS, INC., et al., | |
| Defendants. | |

United States District Court
Northern District of California

Before the Court is the Parties'[1] Joint Submission wherein Defendant Energizer Holdings, Inc. ("Energizer") seeks discovery regarding emails in Plaintiffs' counsel's possession over which Energizer claims attorney-client privilege ("Disputed Emails").[2] Case No. 23-cv-02087-PCP (SVK), Dkt. 137;  Case No. 23-cv-02091-PCP (SVK), Dkt. 143;  Case No. 23-cv-02093-PCP (SVK), Dkt. 114, respectively (collectively cited as "Jt. Stmt." herein).  Energizer urges that Plaintiffs' counsel have failed to fulfill their ethical obligations regarding the Disputed Emails and seeks discovery as to the extent of use of the emails and counsel's grounds for not treating the emails as privileged.  Jt. Stmt. at 4-8.  Plaintiffs' counsel counters that the Disputed Emails are either not privileged or that any privilege was waived by Energizer.  *Id.* at 12-13.  They also argue the facts leading to their possession of the Disputed Emails do not support an ethical violation.  *Id.* at 10-11.  Plaintiffs' counsel opposes discovery and instead offer certain affirmations regarding use of the emails.

As the issue before the Court is one of whether discovery is relevant and proportional to the needs of the case, rather than the weightier determination of ethical violations, the Court finds that this matter may be resolved without oral argument.  Civil L.R. 7-1(b).

## I.      BACKGROUND

### A.      Relevant Factual Background

The timeline of events leading to Plaintiffs' counsel's possession of the Disputed Emails is set forth in the Joint Submission and is not materially contested.  Jt. Stmt. at 4-5.  In sum, in September 2020, Energizer customer service representative Stephanie Rice, described by Energizer as an "independent contractor," forwarded the Disputed Emails—a string of

---

[1] Plaintiffs Don Copeland, *et al.*, Portable Power, Inc. and Global Exports U.S.A., Inc., and Kimberly Schuman and Kyle Kelley, filed in each of their respective cases identical Joint Submissions bearing the captions of all three of their cases.  *See* Case No. 23-cv-02087-PCP (SVK), Dkt. 137;  Case No. 23-cv-02091-PCP (SVK), Dkt. 143;  Case No. 23-cv-02093-PCP (SVK), Dkt. 114, respectively.  The emails at issue in each dispute are identical, as are the issues raised by the Parties. *See id.*  Accordingly, "Plaintiffs" refers to all plaintiffs, as set forth in footnote 1 to the disputes, and this Order resolves the dispute in each above-captioned action.

[2] Plaintiffs use the term "Disputed Emails" and Energizer uses the term "Privileged Emails."  By adopting the more generic "Disputed Emails," the Court makes no judgment as to the ultimate nature of the emails.

approximately ten internal Energizer emails—to her customer Rick Petretti. *Id.* at 4. Mr. Petretti is the CEO of Plaintiff Portable Power. *Id.* In October 2020, Mr. Petretti forwarded the Disputed Emails to a litigation funder who, in November 2020, forwarded them to Plaintiffs' counsel of record Matthew Weiler. *Id.* at 5. It appears that additional counsel for Plaintiffs, Ms. Gibboney, was also in possession of the Disputed Emails, at least as of 2023. *Id.* All three of the above-captioned actions were filed on April 28, 2023, and the same relevant counsel represent Plaintiffs in each action. In July 2025, Plaintiffs produced the Disputed Emails to Energizer in discovery, and this dispute ensued.

**B.      The Court's Review of the Disputed Emails**

To better understand the dispute and to evaluate Energizer's requested discovery and Plaintiffs' proffered relief, the Court ordered that it be provided with the Disputed Emails. Case No. 23-cv-02087-PCP (SVK), Dkt. 138; Case No. 23-cv-02091-PCP (SVK), Dkt. 144; Case No. 23-cv-02093-PCP (SVK), Dkt. 115. The relevant email chain, bearing Bates nos. PORTABLEPOWER047213-218, consists of approximately ten internal Energizer emails from September 2–September 4, 2020. The chain ends with Ms. Rice sending the chain from her Energizer account to her personal account and then forwarding it Mr. Petretti. Initially the chain is a discussion between Energizer executives Jessica Williams, Senior Manager, Pricing & Revenue Management, and Brad Sellenriek, untitled but apparently an executive in customer relations, regarding certain pricing practices by Portable Power. *See* PORTABLEPOWER047213 at 216–18. Energizer Assistant General Counsel Kate Dugan is initially only copied on these discussions. *Id.* at 216-18. Ms. Rice is copied in the chain beginning at 1:40 p.m. on September 2, 2020. *Id.* at 216. On the current record before it, the emails up to this point (12:28 -1:40 p.m. on September 2, *id.* at 216-18) do not reflect attorney-client communications. This changes with the email of September 2, 2020 at 1:51 p.m. from Ms. Willaims to Mr. Sellenriek and Ms. Dugan seeking legal advice. *Id.* at 215-16. The 1:51 p.m. email and the subsequent emails of September 4, 2020 at 9:58, 10:11 and 10:40 a.m., all reflect or refer to attorney-client communications containing legal advice. *Id.* at 214-16. The one email authored by Ms. Dugan at 10:11 a.m. bears her signature block identifying her as Assistant General Counsel. *Id.* at 215. Ms. Rice remains copied

3

throughout this chain. *Id.* at 213-18. On September 4, 2020 at 11:46 a.m., Ms. Rice responds directly to Mr. Sellenriek, without Ms. Dugan in the chain, regarding her communications with Mr. Petretti; this email is not an attorney-client communication. *Id.* at 214 (partial). Mr. Sellenriek's response to Ms. Rice of the same date as 12:01 p.m. contains one paragraph (the third) reflecting attorney-client communications regarding legal advice but otherwise is not an attorney-client communication. *Id.* at 213.

In sum, the Disputed Emails are a mixed bag of business discussions and attorney-client communications, the privileged nature of which is hotly disputed.

## II.    DISCUSSION

### A.    Defendant Energizer's Arguments

From the foregoing facts, Energizer argues that Plaintiffs' counsel had an ethical obligation to notify Energizer upon receipt of the Disputed Emails in 2020. Energizer points to *O'Gara Coach Co., LLC v. Ra*, stating:

> A lawyer that receives privileged materials "must refrain from examining the materials any more than is necessary to ascertain their privileged status and then must immediately notify the party entitled to the privilege about the situation."

Jt. Stmt. at 6 (quoting *O'Gara Coach Co., LLC v. Ra*, 30 Cal. App. 5th 1115, 1127 (2019) and citing to Civil L.R. 11-4 (requiring that attorneys before this Court must "comply with the standards of professional conduct required of members of the State Bar of California.")). Energizer further relies upon *McDermott Will & Emery LLP v. Super. Ct.*, 10 Cal. App. 5th 1083, 1113 (2017)[3] ("Receiving counsel 'is not permitted to act as judge and unilaterally' determine the material is not privileged") and *Rico v. Mitsubishi Motors Corp.*, 42 Cal. 4th 807, 818 (2007) ("Courts must consider whether reasonably competent counsel … would have concluded that the materials were privileged."). Jt. Stmt. at 6.

Energizer also argues that courts permit the privilege owner to inquire into counsel's use of the privileged documents. Jt. Stmt. at 7 (citing *Gotham City Online, LLC v. Art.com, Inc.*, 2014 WL 1025120, at *5 (N.D. Cal. Mar. 13, 2014) and *Chang v. Able C&C Co. Ltd.*, 778 F. Supp. 3d

---

[3] Energizer erroneously cited this case as being a 2019 decision.

United States District Court
Northern District of California

654, 674 (D.N.J. 2025)).  From this foundation, Energizer asks the Court to order Plaintiffs to:

1. List every attorney who sent or received the Disputed Emails, including the date, sender and recipients of each transmission;  and

2. Provide each attorney's basis for retaining the Disputed Emails without returning or notifying Energizer about them.

Jt. Stmt. at 7.

### B.    Plaintiffs' Argument

Plaintiffs' counsel maintain that they have acted in strict accord with their ethical obligations.  Upon being notified by Energizer of the privilege issue in July 2025, counsel state that they promptly sequestered the Disputed Emails and affirmed that they would not view or use the emails until the issue of privilege was resolved.  Jt. Stmt. at 9.  Plaintiffs also affirm that they "have not used the Disputed Emails in the litigation to date – not in their complaints or briefs, not in propounding or responding to discovery, and not in taking depositions (none have occurred)." *Id*.  Energizer does not dispute counsel's response to Energizer's notice or that the emails have not been used as described by Plaintiffs.

Plaintiffs defend their absence of notice to Energizer by pointing to the California Rule of Professional Conduct and ABA Model Rule 4.4, which address inadvertent disclosures.  *See* Jt. Stmt. at 10-11.  It is on this point that the disputed status of Ms. Rice comes to the fore.  Plaintiffs argue that she sent the emails "as an agent of Energizer" to Energizer customer Portable Power, therefore "there was no inadvertence or impropriety."  Jt. Stmt. at 11-12.  Plaintiffs similarly argue that to the extent any portion of the Disputed Emails may have been privileged, that privilege was waived by Ms. Rice.  *Id.* at 12.  Energizer counters that Ms. Rice "as a contractor" could not waive Energizer's privilege.  *Id.* at 8.   On the record before it, the Court cannot determine what impact, if any, Ms. Rice's disclosure to Portable Power had on Energizer's claim of privilege.

In addition to disclosure by Ms. Rice abrogating any inadvertence or privilege, Plaintiffs argue that the Disputed Emails are not protected.  First, Plaintiffs suggest that the emails are business, not legal communications.  Jt. Stmt. at 12.  On this point, having read the emails, the Court disagrees.  As noted above, a portion of the Disputed Emails contain legal advice.  *See,*

*supra*, § I.B.  Second, Plaintiffs argue that Energizer failed to either mark the Disputed emails as "confidential" or to instruct Ms. Rice that the emails should not be forwarded to a customer.  Jt. Stmt. at 12.  Again, the record is not sufficiently developed for the Court to evaluate what steps Energizer took to protect its internal communications.

Finally, Plaintiffs take issue with the discovery that Energizer is seeking from this Court as seeking Plaintiffs' counsel's mental impressions and internal communications.  *Id.* at 13. Plaintiffs offer instead to:

1.  Certify on a law-firm-by-law-firm basis that the Disputed Emails have been sequestered or destroyed;  and

2.  Provide attorney declarations attesting that, to the best of counsel's knowledge, any copies of the Disputed Emails Plaintiff Portable Power sent to third parties before counsel were retained have been destroyed.

*Id.* at 9.

### C.    On the Present Record, the Court Does Not Find Broad Discovery Appropriate But Orders Relief as Follows

The issue before the Court is what discovery is appropriate at this juncture.  *O'Gara* provides a robust overview of the attorney obligations upon receiving privileged material and provides additional context around the obligation to notify counsel:

> [W]hen a lawyer comes into possession of materials that *clearly appear to be protected* by the attorney-client privilege and it is reasonably *apparent that the materials were made available through inadvertence* (that is, without the holder of the privilege having waived it), the lawyer receiving the materials must refrain from examining the materials any more than is necessary to ascertain their privilege….

*O'Gara*, 30 Cal. App. 5th at 1127 (emphasis added) (citing *Rico*, 42 Cal. 4th at 816-18 as adopting the rule of *State Comp. Ins. Fund v. WPS, Inc.*, 70 Cal. App 4th 644 (1999)).  Here, there is a tenable argument that Plaintiffs' counsel, upon receipt of the Disputed Emails, particularly those directly to and from Ms. Dugan, Energizer's Associate General Counsel, should have immediately alerted Energizer, without making a "unilateral determination" that the communications were not privileged.  *See McDermott*, 10 Cal. App. 5th at 1113.  Such a violation of ethical mandates,

United States District Court
Northern District of California

6

United States District Court
Northern District of California

Energizer argues, supports the requested discovery, relying on *Gotham City* and *Chang*. *See* Jt. Stmt. at 7.

However, the Court notes that in both *Gotham City* and *Chang*, the Court first disqualified counsel, and it was at that juncture that discovery was ordered to determine the scope of the harm. *See Gotham City*, 2014 WL 1025120, at *3-5; *Chang v. Able C&C Co. Ltd.*, 778 F. Supp. 3d at 670-73 (moreover, in *Chang*, the Court ordered discovery based in part on a finding that affirmations by the attorney at-issue would not be sufficient because it had "concerns regarding [his] candor, especially when [he] has shown a propensity for making false representations to another court."). On the present record, it is also plausible that Plaintiffs' counsel reasonably assumed the Disputed Emails were neither privileged nor inadvertently produced in light of the voluntary production by Ms. Rice to Portable Power. On this basis, Plaintiffs propose alternative relief directed to limiting any harm from the production going forward.

Having given careful consideration to the legal and factual arguments presented, as well as the relevant law, including Federal Rule of Civil Procedure 1 as well as Rule 26, the Court **ORDERS** as follows:

1. Plaintiffs are to provide a list of every attorney who received the Disputed Emails, including the month and year of when counsel first received them;

3. Plaintiffs certify on a law-firm-by-law-firm basis that the Disputed Emails have been sequestered or destroyed;

4. Plaintiffs are to provide declarations from each attorney of record attesting that, to the best of counsel's knowledge, the Disputed Emails have not been used to date in the litigation for any purpose other than to address the Joint Submission and the meet and confer preceding it. If any counsel cannot so attest, they shall so state.

5. Plaintiffs are to conduct a reasonable and diligent investigation as to whether the Disputed Emails Plaintiff Portable Power sent to third parties before counsel were retained have been destroyed and attest to the results of that investigation.

The foregoing to be completed and provided to Defendants and to the Court **no later than January 21, 2025.**

**SO ORDERED.**

Dated: January 7, 2026

SUSAN VAN KEULEN
United States Magistrate Judge

United States District Court
Northern District of California