1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

BROWN WHITE & OSBORN LLP
KENNETH P. WHITE (Bar No. 173993)
kwhite@brownwhitelaw.com
333 South Hope Street, 40th Floor
Los Angeles, California 90071-1406
Telephone:  213.613.0500
Facsimile:  213.613.0550

*Counsel for Counterclaim Defendants*
Richard Petretti and Portable Power, Inc.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

PORTABLE POWER, INC., et al.,

      Plaintiffs,

v.

ENERGIZER HOLDINGS, INC.; AND
WAL-MART, INC.,

      Defendants.

AND

ENERGIZER HOLDINGS, INC.,

      Counterclaim Plaintiff,

v.

PORTABLE POWER, INC., RICHARD
PETRETTI, and STEPHANIE RICE,

      Counterclaim Defendants,

Case No.: 5:23-cv-02091-PCP-SVK

Judge:    Hon. P. Casey Pitts

**COUNTERCLAIM DEFENDANTS
PORTABLE POWER, INC. AND
RICHARD PETRETTI'S NOTICE OF
MOTION AND MOTION TO DISMISS;
MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT**

Date:    April 2, 2026
Time:    10:00 a.m.
Court:    8, 4th Floor

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES .............................................................................................. 4

NOTICE OF MOTION AND MOTION TO DISMISS ................................................... 5

MEMORANDUM OF POINTS AND AUTHORITIES ................................................... 6

I.      INTRODUCTION ............................................................................................... 6

II.     STATEMENT OF THE ISSUES ......................................................................... 7

III.    RELEVANT ALLEGATIONS IN THE COUNTERCLAIM ............................. 7

IV.     ARGUMENT ....................................................................................................... 8

A.  Energizer's Claims Are Barred by the *Noerr-Pennington* Doctrine ............................ 8

1.  The *Noerr-Pennington* Doctrine Protects This Lawsuit And
Conduct Incidental to It ...................................................................... 8

2.  Under The *Kearney* Test, The *Noerr-Pennington* Doctrine
Precludes These Claims .................................................................... 10

B.  The Litigation Privilege Bars Energizer's CUTSA and Common
Law Claims ......................................................................................... 14

C.  Energizer's Conversion, Civil Conspiracy, and Unfair Competition
Claims Are Preempted ........................................................................ 16

V.      CONCLUSION ................................................................................................. 16

COUNTERCLAIM DEFENDANTS PORTABLE POWER, INC. AND RICHARD PETRETTI'S
MOTION TO DISMISS
Case No. 5:23-cv-02091-PCP-SVK

**TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Action Apartment Assn., Inc. v. City of Santa Monica,*
41 Cal. 4th 1232 (2021) ............................................................................................... 14

*Arthur J. Gallagher & Co. v. Tarantino,*
No. 20-cv-05505, 2022 WL 4092673 (N.D. Cal. Jul. 15, 2022) ..................................... 16

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009) ....................................................................................................... 8

*B&G Foods N. Am., Inc. v. Embry,*
29 F.4th 527 (9th Cir. 2022) ......................................................................................... 11

*BE & K Constr. Co. v. NLRB,*
536 U.S. 516 (2002) ..................................................................................................... 10

*Bergstein v. Stroock & Stroock & Lavan LLP,*
236 Cal. App. 4th 793 (2015) ....................................................................................... 14

*Briggs v. Eden Council for Hope & Opportunity,*
19 Cal. 4th 1106 (1999) ............................................................................................... 15

*Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.,*
20 Cal. 4th 163 (1999) ................................................................................................. 15

*Copart, Inc. v. Sparta Consulting, Inc.,*
277 F. Supp. 3d 1127 (E.D. Cal. 2017) ........................................................................ 16

*Falcon Woods, LLC v. Gooding and Company, Inc.,*
Case No. 2:20-cv-02226, 2020 WL 5898805 (C.D. Cal. Jul. 6, 2020) ........................... 13

*Globetrotter Software, Inc. v. Elan Computer Grp., Inc.,*
362 F.3d 1367 (Fed. Cir. 2004) ...................................................................................... 9

*Harper v. City of Arcadia,*
2008 WL 11410019 (C.D. Cal. July 14, 2008) ............................................................ 9, 10

*Implicit Conversions, Inc. v. Stine,*
No. 24-CV-03744-WHO, 2025 WL 2323354 (N.D. Cal. Aug. 11, 2025) ....................... 16

*J & J Sports Prods., Inc. v. Kim Hung Ho,*
No. 5:11-cv-01163, 2012 WL 1910041 (N.D. Cal. May 24, 2012) ................................. 13

*Joe Hand Promotions, Inc. v. Croce,*
No. 5:10-cv-04177, 2011 WL 2581419 (N.D. Cal. Jun. 29, 2011) ................................. 13

*K.C. Multimedia, Inc. v. Bank of America Technology & Operations, Inc.,*
171 Cal. App. 4th 939 (2010) ....................................................................................... 16

1

## **TABLE OF AUTHORITIES**

2

Page(s)

3  *Kearney v. Foley & Lardner*,
   2008 WL 761089 (S.D. Cal. Mar. 18, 2008) .................................................9
4
   *Nunag-Tanedo v. East Baton Rouge Parish School Bd.*,
5  711 F.3d 1136 (9th Cir. 2013) ......................................................................8

6  *Paulsen v. CNF, Inc.*,
   559 F.3d 1061 (9th Cir. 2009) ......................................................................8
7
   *People ex rel. Gallegos v. Pac. Lumber Co.*,
8  158 Cal. App. 4th 950 (2008) .....................................................................15

9  *Rubin v. Green*,
   4 Cal. 4th 1187 (1993) ...............................................................................15
10
   *Rusheen v. Cohen*,
11 37 Cal. 4th 1048 (2006) .............................................................................14

12 *Silberg v. Anderson*,
   50 Cal. 3d 205 (1990) ................................................................................14
13
   *Sosa v. DIRECTV, Inc.*,
14 437 F.3d 923 (9th Cir.2006) ...............................................................*passim*

15 *Theme Promotions, Inc. v. News Am. Mktg. FSI*,
   546 F.3d 991 (9th Cir. 2008) ........................................................................9
16
   *Thomas v. Hous. Auth. of Cnty. of Los Angeles*,
17 2006 WL 5670938 (C.D. Cal. Feb. 28, 2006) ..........................................9, 10

18 *United States v. Hempfling*,
   431 F. Supp. 2d 1069 (E.D. Cal. 2006) .........................................................9
19
   **Statutes**
20
   18 U.S.C. § 1833(b)(1)(A), (B).....................................................................11
21
   Cal. Bus. & Prof. Code § 17200 ...................................................................11
22
   Cal. Civ. Code § 3426.11 .............................................................................11
23
   Cal. Civ. Code § 47......................................................................................11
24
   Cal. Civ. Code, § 3426.7(b) .........................................................................15

25

26

27

28

COUNTERCLAIM DEFENDANTS PORTABLE POWER, INC. AND RICHARD PETRETTI'S
MOTION TO DISMISS
Case No. 5:23-cv-02091-PCP-SVK

BROWN WHITE & OSBORN
ATTORNEYS

### NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on April 2, 2026, at 10:00 a.m., or as soon as the matter may be heard by the Honorable P. Casey Pitts, in Courtroom 8, Floor 4 of the above-entitled Court located at 280 South Street, San José, California 95113, Counterclaim Defendants Richard Petretti and Portable Power, Inc. (collectively, "Portable Power"), will and hereby do move, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss each and every claim in Energizer Holdings, Inc.'s (Energizer's) Counterclaim.

This Motion is based upon the attached Memorandum of Points and Authorities, the files and records of this case, and upon such further argument the Court may permit at the hearing hereof.

DATED:  February 12, 2026

Respectfully submitted,

BROWN WHITE & OSBORN LLP


By    _s/Kenneth P. White_

KENNETH P. WHITE
Counsel for Counterclaim Defendants
Richard Petretti and Portable Power, Inc.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Portable Power, Inc. is a Plaintiff and proposed class representative in this class action. Defendant Energizer Holdings, Inc. ("Energizer") has filed a tactical and meritless Counterclaim against Portable Power, Inc. and its CEO, Richard Petretti (collectively herein, "Portable Power") in a transparent attempt to thwart class certification.  The Counterclaim attempts to confuse the issues in the case, but the law is straightforward: the Court should dismiss Energizer's Counterclaim in its entirety against Portable Power.

In the Counterclaim, Energizer alleges that Portable Power improperly enticed Stephanie Rice, an Energizer account manager, to send Portable Power Energizer's "trade secrets" so that Portable Power could use them to bring and prove this antitrust litigation.  Based on this, Energizer purports to offer five counterclaims: conversion, Counterclaim at ¶¶ 62–67; civil conspiracy, *Id.* at ¶¶ 68–72; misappropriation of trade secrets under the California Uniform Trade Secrets Act ("CUTSA"), Cal. Civ. Code § 3426.1 *et seq.*, *Id.* at ¶¶ 73–78; misappropriation of trade secrets under the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. §§ 1836, et seq., *Id.* at ¶¶ 79–84; and violations of California's Unfair Competition Law, *Id.* at ¶¶ 82–89.  But Energizer's own frank admissions, which are accepted as true at this stage, show it cannot succeed on any of these claims.

*First*, Energizer's claims are barred on their face by the *Noerr–Pennington* doctrine.  In Energizer's own telling, which must be accepted, Portable Power's pre-litigation communications with Rice were incidental to the prosecution of its lawsuit and intended to promote it. Energizer explicitly alleges that the ultimate purpose of Portable Power's alleged "scheme" was gathering information to file this lawsuit against it.  Under controlling authority, Portable Power's investigatory pre-litigation communications cannot be the basis of liability.

*Second*, Energizer's claims all arise from the same common nucleus of facts: Portable Power's alleged misappropriation of Energizer's supposed trade secrets.  The California Uniform Trade Secrets Act preempts other state law claims arising from the same common nucleus of facts.  Therefore, Energizer's conversion, conspiracy, and unfair competition claims are preempted.

Therefore, the Court should dismiss Energizer's Counterclaim in its entirety.

## II.   STATEMENT OF THE ISSUES

Whether each claim in Energizer's Counterclaim is barred by the *Noerr–Pennington* Doctrine;

Whether the California Uniform Trade Secret Act preempts Energizer's counterclaims for conversion, civil conspiracy, and unfair competition.

## III.   RELEVANT ALLEGATIONS IN THE COUNTERCLAIM

In its Counterclaim, Energizer alleges that Portable Power coordinated with Rice to misappropriate Energizer's "trade secrets," including "confidential pricing matrices, internal communications regarding supplier policies, and proprietary business strategies."  Counterclaim at ¶ 80.   Energizer repeatedly alleges that Portable Power engaged in the alleged acts complained of in order to gather information for this lawsuit.  Counterclaim at ¶¶ 2 (Portable Power "improperly used this illegally obtained information" in part "as a purported basis for Portable Power's current lawsuit against Energizer"), 9 (Mr. Petretti "leaned on his personal relationship with Ms. Rice and used the insider information he had gathered to support the present lawsuit against Energizer"), 26 (Portable Power misappropriated information in part "to support his planned lawsuit against Energizer), 28 (Portable Power "weaponized that same confidential and privileged information to manufacture and file the present lawsuit against Energizer"). Energizer summarizes:

> For nearly three years, Mr. Petretti conspired with Ms. Rice to use Ms. Rice's access to privileged and confidential insider information to facilitate Portable Power's lawsuit against Energizer. In April 2023, Mr. Petretti used the privileged and confidential materials he unlawfully obtained from Energizer to file case no. 23-cv-0209 in the Northern District of California, in Portable Power's name, against Energizer —gaining an unfair litigation advantage with the in terrorem effect of a manufactured antitrust class action. Mr. Petretti did so even though, if he prevails, ostensibly he will only be entitled to receive a small incentive fee and alleged overcharges on a small number of purchases. The privileged and confidential information Mr. Petretti obtained from Energizer is the foundation for Portable Power's claims against Energizer, and despite numerous requests from Energizer, Portable Power and its attorneys have refused to return the misappropriated

documents and information to Energizer. As a result of this scheme, Energizer has been forced to incur substantial business interruptions, costs, and attorneys fees in its defense.  Counterclaim at ¶ 45.

## IV.     ARGUMENT

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  In considering a motion to dismiss, this Court accepts well-pleaded plausible factual assertions as true, but does not accept legal conclusions, conclusory statements, or assertions that contradict judicially noticeable records.  *Paulsen v. CNF, Inc.,* 559 F.3d 1061, 1071 (9th Cir. 2009).

Under this standard, the Court should dismiss the entire Counterclaim.

**A.     Energizer's Claims Are Barred by the *Noerr-Pennington* Doctrine.**

First, Energizer's claims are all barred by the *Noerr-Pennington* Doctrine because by Energizer's own admission Portable Power's alleged actions were incidental to bringing this action.[1]

**1.     The *Noerr-Pennington* Doctrine Protects This Lawsuit And Conduct Incidental To It**

The *Noerr-Pennington* Doctrine protects the First Amendment right to petition the government for redress of grievances.  *Nunag-Tanedo v. East Baton Rouge Parish School Bd.*, 711 F.3d 1136, 1138–1139 (9th Cir. 2013).  Under the Doctrine, those who petition the government are "generally immune from statutory liability for their petitioning conduct."  *Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 929 (9th Cir.2006).  The right to petition extends to "all departments of the government" and includes petitioning both state and federal courts through litigation.  *Id.* at 929-30*; Kearney v. Foley & Lardner, LLP* 590 F.3d 638, 644 (9th Cir. 2009).  The *Noerr–Pennington* Doctrine is thus a "cousin" of

---

[1] Although Energizer's allegations must be accepted in resolving this Motion, Portable Power does not concede that *any* of Energizer's allegations are, in fact, true.

California's anti-SLAPP statute.  *United States v. Hempfling*, 431 F. Supp. 2d 1069, 1084 n.8 (E.D. Cal. 2006*); see Kearney v. Foley & Lardner*, 2008 WL 761089, at *1 (S.D. Cal. Mar. 18, 2008) ("[T]he Noerr-Pennington doctrine is analogous to California's anti-SLAPP statute.").  This Doctrine "ensures that those who petition the government for redress of grievances remain immune from liability for statutory violations, notwithstanding the fact that their activity might otherwise be proscribed by the statute involved." *White v. Lee*, 227 F.3d 1214, 1231 (9th Cir. 2000).  In short, the Doctrine protects the right to file lawsuits.

The *Noerr-Pennington* Doctrine protects petitioning conduct like lawsuits not just from federal statutory claims, but from state theories.  "More importantly, because Noerr–Pennington protects federal constitutional rights, it applies in all contexts, even where a state law doctrine advances a similar goal."  *Theme Promotions, Inc. v. News Am. Mktg. FSI*, 546 F.3d 991, 1007 (9th Cir. 2008) (finding *Noerr-Pennington* applies to California intentional interference claim).

Moreover, and most importantly in this case, the *Noerr-Pennington* Doctrine protects not just the actual filing of a lawsuit, but investigation and preparation to file the lawsuit.  "[I]n the litigation context, not only petitions sent directly to the court in the course of litigation, but also 'conduct incidental to the prosecution of the suit' is protected by the *Noerr–Pennington* doctrine." *Sosa*, 437 F.3d at 934 (emphasis added & citations omitted). The Doctrine immunizes "litigation-related activities preliminary to the formal filing of the litigation," *Id.* at 937, and "communications between private parties," "so long as they are sufficiently related to petitioning activity," *Id.* at 935*.  See Globetrotter Software, Inc. v. Elan Computer Grp., Inc.*, 362 F.3d 1367, 1376 (Fed. Cir. 2004) ("[O]ur sister circuits, almost without exception, have applied the *Noerr* protections to pre-litigation communications.").

Thus the Doctrine's immunity extends to "any investigation that led to the filing of [an] action" as incidental to its prosecution. *Thomas v. Hous. Auth. of Cnty. of Los Angeles*, 2006 WL 5670938, at *10 (C.D. Cal. Feb. 28, 2006) (citations omitted); *see Harper v. City of Arcadia*, 2008 WL 11410019, at *15 n.71 (C.D. Cal. July 14, 2008) ("Federal courts applying the *Noerr–Pennington* doctrine have held that an investigation that is a necessary predicate to filing suit is 'conduct incidental to the prosecution of the suit,' and protected by *Noerr-Pennington* as a result.") (citations omitted).

9

2.        **Under The *Kearney* Test, The *Noerr-Pennington* Doctrine Precludes These Claims**

In deciding whether the Doctrine immunizes a defendant from claims in a particular lawsuit, this Circuit applies a three-part test: "(1) identify whether the lawsuit imposes a burden on petitioning rights, (2) decide whether the alleged activities constitute protected petitioning activity, and (3) analyze whether the statutes at issue may be construed to preclude that burden on the protected petitioning activity." *Keraney*, 590 F.3d at 644, citing *BE & K Constr. Co. v. NLRB*, 536 U.S. 516, 530-33, 535-37 (2002). Those elements, applied here, show that the Doctrine immunizes Portable Power from the Counterclaim.

First, Energizer frankly and repeatedly admits that its claims are predicated on Portable Power's "litigation-related activities," namely, its alleged pre-litigation communications with Rice and investigation of Energizer's antitrust violations. Counterclaim at ¶¶ 2, 9, 26, 28, 45. That burdens Portable Power's right to petition the government. *Sosa*, 437 F.3d at 937. It doesn't matter whether Energizer has styled those petitioning activities as wrongful --- the question is whether this Counterclaim burdens them. *Kearney*, 590 F.3d at 645 ("the question at this stage is not whether the conduct at issue is fraudulent and abusive, but instead whether the success of Kearney's lawsuit would constitute a burden on petitioning rights").

Second, Portable Power's pre-litigation communications with Rice, as described by Energizer, are part of protected petitioning activity. Energizer repeatedly alleges that Portable Power obtained information from Rice in order to promote this lawsuit against Energizer. Counterclaim at ¶¶ 2, 9, 26, 28, 45. In fact, Energizer itself claims Portable Power's activities were *essential* to the lawsuit. *Id.* at ¶ 45. Thus, Energizer's own allegations demonstrate that the activities are not merely "incidental" to the lawsuit, which is all that is required to trigger protection, but inseparable from it.[2] *Sosa*, 437 F.3d at 934–35, 937 (protection extended to pre-litigation demand letters incidental to lawsuit; *Thomas*, 2006 WL 5670938, at *10 (extending protection to "any investigation that led to the filing of the action"); *Harper*, 2008 WL 11410019, at *15 n.71 (discussing cases extending Doctrine to protect investigations in support of lawsuits).

---

[2] Portable Power does not admit that these allegations are true.

COUNTERCLAIM DEFENDANTS PORTABLE POWER, INC. AND RICHARD PETRETTI'S
MOTION TO DISMISS
Case No. 5:23-cv-02091-PCP-SVK

Once again, the fact that Energizer characterizes Portable Power's investigation as misconduct is not dispositive. *See Kearney*, 590 F.3d at 646 (9th Cir. 2009) (rejecting argument that "misconduct" could not be incidental to lawsuit and thus protected by the Doctrine). It's true that petitioning conduct is not absolutely protected if it is a "mere sham" to cover what is "actually nothing more than an attempt to interfere directly with the business relationships of a competitor." *Sosa*, 437 F.3d at 938. But Energizer itself admits that's what it is claiming here. Rather, it explicitly presents Portable Power's alleged goal to empower and promote this case as central to its counterclaims. Counterclaim at ¶ 45. This lawsuit itself is the harm Energizer claims. *Id.* ("As a result of this scheme, Energizer has been forced to incur substantial business interruptions, costs, and attorneys fees in its defense.").

Under the third prong of the Kearney test, the Court must determine whether DTSA, CUTSA, and Energizer's common-law theories may be construed to avoid burdening petitioning conduct and thus avoid the constitutional issue. The Ninth Circuit recently explained how it approaches this analysis:

> [T]he *Noerr–Pennington* doctrine stands for a generic rule of statutory construction, applicable to any statutory interpretation that could implicate the rights protected by the Petition Clause." *Sosa*, 437 F.3d at 931. "Under the *Noerr– Pennington* rule of statutory construction, we must construe federal statutes so as to avoid burdening conduct that implicates the protections afforded by the Petition Clause unless the statute clearly provides otherwise." *Id.* Thus, we ask at step three whether the statute—here 42 U.S.C. § 1983—can be construed to avoid burdening Defendants' Petition Clause rights. *See id.*; *see also id.* at 932 ("Where ... the burdened conduct could fairly fall within the scope of the Petition Clause and a plausible construction of the applicable statute is available that avoids the burden, we must give the statute the reading that does not impinge on the right of petition."). *B&G Foods N. Am., Inc. v. Embry*, 29 F.4th 527, 539–40 (9th Cir. 2022)

Here, nothing in DTSA, CUTSA, California's unfair competition statute, or California's common-law conversion or civil conspiracy doctrines requires this Court to construe them as

COUNTERCLAIM DEFENDANTS PORTABLE POWER, INC. AND RICHARD PETRETTI'S MOTION TO DISMISS
Case No. 5:23-cv-02091-PCP-SVK

purporting to prohibit protecting petitioning activity like investigating and gathering information in order to support an antitrust suit:

- DTSA expressly contemplates legitimate uses of trade secrets in litigation.  It provides immunity for acts "solely for the purpose of reporting or investigating a suspected violation of law" or for disclosures made under seal "in a complaint or other document filed in a lawsuit or other proceeding," demonstrating a legislative intent to protect petitioning activities.  18 U.S.C. § 1833(b)(1)(A), (B).  This illustrates that DTSA need not be read expansively to burden petitioning activity.

- CUTSA expressly acknowledges California's litigation privilege, Cal. Civ. Code § 47, and creates an exception only for disclosures to a "competitor or potential competitor" in the course of litigation, demonstrating an intent to protect litigation conduct like that at issue here.  Cal. Civ. Code § 3426.11.

- California's Unfair Competition Law expressly defines unfair competition as a "unlawful, unfair, or fraudulent" business practice.  Cal. Bus. & Prof. Code § 17200.  Nothing about that definition need reach protected petitioning activity.

- Nothing in California's common law of conspiracy or conversion requires the Court to interpret it to purport to prohibit protected petitioning

In short, Energizer cannot show that any of its claims is based on a statutory or common-law authority that must be interpreted to prohibit protected petitioning activity.

Energizer will likely complain that this argument means that the law of trade secrets may be ignored if any litigant raises a *Noerr-Pennington* defense.  Not so.  Portable Power is not arguing "the alleged acts were for litigation purposes, trust us."  ***Energizer explicitly and repeatedly alleges that the acts it complains of were to promote this lawsuit.***  The allegations in Paragraph 45 of the Counterclaim are Energizer's words, they are inescapable, and they bear repeating here:

> For nearly three years, Mr. Petretti conspired with Ms. Rice to use Ms. Rice's access to privileged and confidential insider information to facilitate Portable Power's lawsuit against Energizer. In April 2023, Mr. Petretti used the privileged and confidential materials he unlawfully obtained from Energizer to file case no. 23-cv-0209 in the

12

Northern District of California, in Portable Power's name, against Energizer —gaining an unfair litigation advantage with the in terrorem effect of a manufactured antitrust class action. Mr. Petretti did so even though, if he prevails, ostensibly he will only be entitled to receive a small incentive fee and alleged overcharges on a small number of purchases. The privileged and confidential information Mr. Petretti obtained from Energizer is the foundation for Portable Power's claims against Energizer, and despite numerous requests from Energizer, Portable Power and its attorneys have refused to return the misappropriated documents and information to Energizer. As a result of this scheme, Energizer has been forced to incur substantial business interruptions, costs, and attorneys fees in its defense. Counterclaim at ¶ 45.

Portable Power has identified one Central District of California Case in which the Court refused, without substantial analysis, to apply the *Noerr-Pennington* Doctrine to a DTSA claim, possibly (though the decision is not clear) under the third *Kearney* factor. *Falcon Woods, LLC v. Gooding and Company, Inc.*, Case No. 2:20-cv-02226, 2020 WL 5898805 (C.D. Cal. Jul. 6, 2020). But *Falcon Woods* is entirely unpersuasive.

First, and most obviously, this court is not bound by *Falcon Woods'* holding. *See J & J Sports Prods., Inc. v. Kim Hung Ho*, No. 5:11-cv-01163, 2012 WL 1910041, at *4 (N.D. Cal. May 24, 2012) ("When the legal authority at issue is only persuasive, and not binding, the Court may exercise its discretion in deciding an issue."); *see Joe Hand Promotions, Inc. v. Croce*, No. 5:10-cv-04177, 2011 WL 2581419, at *3 (N.D. Cal. Jun. 29, 2011) ("decisions of follow district courts, while persuasive, are not binding on this Court").

Second, and more importantly, *Falcon Woods* is unpersuasive because it is both distinguishable and without significant analysis. In *Falcon Woods*, the plaintiff alleged that the defendant transmitted trade secrets (a confidential vehicle list) to a third-party in response to a discovery request. *Falcon Woods*, 2020 WL 58988005 at *1. The Court found that "to this Court's knowledge" *Noerr-Pennington* had not been applied to the law of trade secrets. *Id.* But the Court did not engage in any analysis whatsoever of the *Kearney* factors or other authority explaining how and why the doctrine has been expanded beyond antitrust. *Sosa*, 437 F.3d at 932, fn. 6. Moreover, the

COUNTERCLAIM DEFENDANTS PORTABLE POWER, INC. AND RICHARD PETRETTI'S MOTION TO DISMISS
Case No. 5:23-cv-02091-PCP-SVK

Court premised its decision in part on a finding that discovery – unlike filing a lawsuit – is merely communication between the parties and not a petitioning activity. *Id. Falcon Woods* therefore did not involve assertions that the activity in question was done in order to promote or investigate a petition to the government. In sharp contrast, here Energizer itself complains at length and in detail that Portable Power engaged in the specified conduct in order to support and promote this antitrust class action. *E.g.,* Counterclaim at ¶ 45.

In sum, the *Noerr-Pennington* doctrine precluded all of Energizer's claims under the *Kearney* three-part test because: (1) Energizer's Counterclaims burden Portable Power's right to petition against Energizer for antitrust violations; (2) Portable Power's pre-litigation communications with Rice are, by Energizer's own admission, conduct incidental to Portable Power's right to petition; and (3) DTSA, CUTSA, and Energizer's state claims do not prohibit Portable Power from gathering evidence in support of a "planned lawsuit" against Energizer (Counterclaim at ¶ 26). Imposing a burden on Portable Power's right to petition "runs afoul of the Petition Clause." *Sosa*, 437 F.3d at 933. Therefore, the Court must dismiss all claims in the Counterclaim under *Noerr-Pennington.*

**B.     The Litigation Privilege Bars Energizer's CUTSA and Common Law Claims.**

California's litigation privilege also bars Energizer's state law claims.

The litigation privilege is codified in California Civil Code Section 47(b) and "precludes liability arising from a publication or broadcast made in a judicial proceeding or other official proceeding." *Bergstein v. Stroock & Stroock & Lavan LLP*, 236 Cal. App. 4th 793, 814 (2015) (quotations omitted). The privilege applies to "any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action." *Silberg v. Anderson*, 50 Cal. 3d 205, 212 (1990). The litigation privilege is broadly interpreted to achieve the purpose of affording "utmost freedom of access to the courts without fear of being harassed subsequently by derivative tort action." *Action Apartment Assn., Inc. v. City of Santa Monica*, 41 Cal. 4th 1232, 1241 (2021). To that end, statements made in pleadings and testimony in court statements, as well as "statements made *prior* to the filing of a lawsuit, whether in *preparation for* anticipated litigation or to *investigate* the feasibility of filing a lawsuit," are protected by California's litigation

privilege. *Bergstein*, 236 Cal. App. 4th at 814 (emphasis added); *see Rusheen v. Cohen*, 37 Cal. 4th 1048, 1057 (2006) ("It is not limited to statements made during a trial or other proceedings, but may extend to steps taken prior thereto, or afterwards."); *Briggs v. Eden Council for Hope & Opportunity*, 19 Cal. 4th 1106, 1115 (1999) (communications made in preparation of or anticipation of lawsuit may be privileged).

As shown in Section IV(A)(2), above, Energizer itself repeatedly and explicitly claims that Portable Power's pre-litigation communications with Rice were far more than "reasonably relevant" to this lawsuit—they were essential.[3]  Energizer describes the communications as the "foundation" of this litigation, and asserts that but for them the litigation could not exist.  Counterclaim at ¶¶ 45, 27-28 [Portable Power persuaded Rice to send Energizer's business information so it "file the present lawsuit against Energizer").

Moreover, the litigation privilege bars Energizer from seeking equitable and injunctive relief under California's Unfair Competition Law. "When specific legislation provides a 'safe harbor,' plaintiffs may not use the general [UCL] to assault that harbor." *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 182 (1999).  The litigation privilege codified in section 47(b) provides such a "safe harbor." *People ex rel. Gallegos v. Pac. Lumber Co.*, 158 Cal. App. 4th 950, 959 (2008). Thus, Energizer cannot "plead around" this section "by relabeling the nature of the action as one brought under the [UCL]." *Rubin v. Green*, 4 Cal. 4th 1187, 1201 (1993) (quotations omitted). Because Portable Power's conduct was "clearly communicative," it is "absolutely immune from civil tort liability," and "[t]o permit the same communicative acts to be the subject of an injunctive relief proceeding brought by this same plaintiff under the unfair competition statute [would] undermine[] that immunity." *Id.* at 1202. "If the policies underlying section 47(b) are sufficiently strong to support an absolute privilege, the resulting immunity should not evaporate merely because the plaintiff discovers a conveniently different label for pleading what is in substance an identical grievance arising from identical conduct as that protected by section 47(b)." *Id.* at 1203.

---

[3] Once more, Portable Power does not accept the truth of Energizer's allegations but understands such allegations must be treated as true at this stage.

BROWN WHITE & OSBORN
ATTORNEYS

In short, California's litigation privilege mandates the dismissal of Energizer's CUTSA, common law conversion and conspiracy, and unfair competition claims.

**C.    Energizer's Conversion, Civil Conspiracy, and Unfair Competition Claims Are Preempted.**

In addition, the Court should also dismiss Energizer's claims for conversion, civil conspiracy, and unfair competition because CUTSA preempts them.

CUTSA preempts claims that are based on the same nucleus of facts as a CUTSA misappropriation of trade secrets claim. *K.C. Multimedia, Inc. v. Bank of America Technology & Operations, Inc.*, 171 Cal. App. 4th 939, 962 (2010); *Implicit Conversions, Inc. v. Stine,* No. 24-CV-03744-WHO, 2025 WL 2323354, at *3 (N.D. Cal. Aug. 11, 2025) ( "CUTSA preempts common law claims that "are based on the same nucleus of facts as the misappropriation of trade secrets claim.") CUTSA contains a "savings clause," which permits a party to pursue "(1) contractual remedies, whether or not based upon misappropriation of a trade secret, (2) other civil remedies that are not based upon misappropriation of a trade secret, or (3) criminal remedies, whether or not based upon misappropriation of a trade secret." Cal. Civ. Code, § 3426.7(b).  Otherwise, CUTSA preempts attempts to sue for misappropriation of trade secrets through other common law or state statutory theories.  For instance, courts have found that the CUTSA preempts claims for conversion, unjust enrichment, conspiracy, and unfair competition when based on the same nucleus of facts.  *Arthur J. Gallagher & Co. v. Tarantino*, No. 20-cv-05505, 2022 WL 4092673, at **14-16 (N.D. Cal. Jul. 15, 2022) (conspiracy claim preempted); *Copart, Inc. v. Sparta Consulting, Inc.*, 277 F. Supp. 3d 1127 (E.D. Cal. 2017) (conversion, unfair competition, and unjust enrichment subject to preemption).

Here, all of Energizer's claims are all based on the same nucleus of facts: its assertion that Portable Power misappropriated confidential information from Energizer through Ms. Rice. Therefore, its first, second, and fifth claims for conversion, conspiracy, and unfair competition are preempted, and the Court must dismiss them on that additional basis.

## V.    CONCLUSION

For the reasons above, the Court should dismiss Energizer's Counterclaim in its entirety.

BROWN WHITE & OSBORN
ATTORNEYS

1   DATED:  February 12, 2026              Respectfully submitted,

2                                         BROWN WHITE & OSBORN LLP

3

4                                         By    _s/Kenneth P. White_____
                                                KENNETH P. WHITE
5                                               Counsel for Counterclaim Defendants
                                                Richard Petretti and Portable Power, Inc.
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COUNTERCLAIM DEFENDANTS PORTABLE POWER, INC. AND RICHARD PETRETTI'S
MOTION TO DISMISS
Case No. 5:23-cv-02091-PCP-SVK