BROWN WHITE & OSBORN LLP
KENNETH P. WHITE (Bar No. 173993)
kwhite@brownwhitelaw.com
333 South Hope Street, 40th Floor
Los Angeles, California 90071-1406
Telephone: 213.613.0500
Facsimile:  213.613.0550

*Counsel for Counterclaim Defendants*
Richard Petretti and Portable Power, Inc.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| PORTABLE POWER, INC., et al.,<br><br>          Plaintiffs,<br><br>v.<br><br>ENERGIZER HOLDINGS, INC.; AND WAL-MART, INC.,<br><br>          Defendants.<br><br>AND<br><br>ENERGIZER HOLDINGS, INC.,<br><br>          Counterclaim Plaintiff,<br><br>v.<br><br>PORTABLE POWER, INC., RICHARD PETRETTI, and STEPHANIE RICE,<br><br>          Counterclaim Defendants, | Case No.: 5:23-cv-02091-PCP-SVK<br><br>Judge:    Hon. P. Casey Pitts<br><br>**COUNTERCLAIM DEFENDANTS PORTABLE POWER, INC. AND RICHARD PETRETTI'S NOTICE OF MOTION AND SPECIAL MOTION TO STRIKE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>[CONCURRENTLY FILED HEREWITH: COUNTERCLAIM DEFENDANTS' MOTION TO DISMISS COUNTERCLAIM]<br><br>Date:    Date<br>Time:   Time<br>Court:  8, 4th Floor |

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................... 3

NOTICE OF MOTION AND SPECIAL MOTION TO STRIKE ........................................... 5

MEMORANDUM OF POINTS AND AUTHORITIES ........................................................... 6

I. INTRODUCTION ........................................................................................................ 6

II. STATEMENT OF THE ISSUE .................................................................................... 7

III. RELEVANT ALLEGATIONS IN THE COUNTERCLAIM ...................................... 8

IV. LEGAL STANDARD ................................................................................................... 9

V. ARGUMENT .............................................................................................................. 10

    A. Based on Energizer's Own Allegations, Portable Power Satisfies The First Prong of the Anti-SLAPP Statute Because its Challenged Conduct (Pre-Litigation Communications) Is an Essential Part of Its Exercising Its Right to Petition. ...................................................................... 10

    B. Energizer Cannot Satisfy Its Burden of Demonstrating a Probability of Prevailing on Its Counterclaims. ...................................................................... 12

        1. Energizer's counterclaims are barred by the *Noerr-Pennington* Doctrine. ................................................................................................ 12

        2. The Litigation Privilege bars Energizer's CUTSA and Common Law Claims. ......................................................................................... 16

        3. Energizer's conversion, conspiracy, and unfair competition counterclaims are preempted. ................................................................ 17

VI. CONCLUSION ........................................................................................................... 18

2

COUNTERCLAIM DEFENDANTS PORTABLE POWER, INC. AND RICHARD PETRETTI'S
SPECIAL MOTION TO STRIKE
Case No. 5:23-cv-02091-PCP-SVK

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Action Apartment Assn., Inc. v. City of Santa Monica*,
   41 Cal. 4th 1232 (2021) .................................................................................................. 11

*Anheuser-Busch Companies, LLC v. Clark*,
   622 Fed. Appx. 671 (9th Cir. 2015) ................................................................................. 7

*Arthur J. Gallagher & Co. v. Tarantino*,
   No. 20-cv-05505, 2022 WL 4092673 (N.D. Cal. Jul. 15, 2022) .................................... 13

*B&G Foods N. Am., Inc. v. Embry*,
   29 F.4th 527 (9th Cir. 2022) .......................................................................................... 10

*BE & K Constr. Co. v. NLRB*,
   536 U.S. 516 (2002) ........................................................................................................ 8

*Bergstein v. Stroock & Stroock & Lavan LLP*,
   236 Cal. App. 4th 793 (2015) ................................................................................... 6, 11

*Briggs v. Eden Council for Hope & Opportunity*,
   19 Cal. 4th 1106 (1999) ............................................................................................ 5, 11

*Brill Media Co., LLC v. TCW Group, Inc.*,
   132 Cal. App. 4th 324 (2005) .......................................................................................... 4

*Burill v. Nair*,
   217 Cal. App. 4th 357 (2012) .......................................................................................... 5

*Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*,
   20 Cal. 4th 163 (1999) .................................................................................................. 12

*Copart, Inc. v. Sparta Consulting, Inc.*,
   277 F. Supp. 3d 1127 (E.D. Cal. 2017) ......................................................................... 13

*Dove Audio, Inc. v. Rosenfeld, Meyer & Susman*,
   47 Cal. App. 4th 777 (1996) ............................................................................................ 5

*Flatley v. Mauro*,
   39 Cal. 4th 299 (2006) ................................................................................................ 5, 6

*Globetrotter Software, Inc. v. Elan Computer Grp., Inc.*,
   362 F.3d 1367 (Fed. Cir. 2004) ....................................................................................... 8

*Gopher Media LLC v. Melone*,
   154 F.4th 696 (9th Cir. 2025) .......................................................................................... 4

*Governor Gray Davis Committee v. American Taxpayers Alliance*,
   102 Cal. App. 4th 449 (2002) .......................................................................................... 4

*HMS Capital, Inc. v. Lawyers Title Co.*,
   118 Cal. App. 4th 204 (2004) .......................................................................................... 4

*Implicit Conversions, Inc. v. Stine*,
   No. 24-CV-03744-WHO, 2025 WL 2323354 (N.D. Cal. Aug. 11, 2025) ..................... 12

*K.C. Multimedia, Inc. v. Bank of America Technology & Operations, Inc.*,
   171 Cal. App. 4th 939 (2010) ........................................................................................ 12

*Kearney v. Foley & Lardner, LLP*
   590 F.3d 638 (9th Cir. 2009) ....................................................................................... 8, 9

# TABLE OF AUTHORITIES

Page(s)

*Nunag-Tanedo v. East Baton Rouge Parish School Bd.*,
 711 F.3d 1136 (9th Cir. 2013) ............................................................................................. 7

*People ex rel. Gallegos v. Pac. Lumber Co.*,
 158 Cal. App. 4th 950 (2008) ............................................................................................ 12

*Premier Med. Mgmt. Systems, Inc. v. California Ins. Guar. Ass'n*,
 136 Cal. App. 4th 464 (2006) .............................................................................................. 4

*Rivero v. American Federation of State, County, and
 Municipal Employees, AFL-CIO*,
 105 Cal. App. 4th 913 (2003) .............................................................................................. 5

*Rubin v. Green*,
 4 Cal. 4th 1187 (1993) ....................................................................................................... 12

*Rusheen v. Cohen*,
 37 Cal. 4th 1048 (2006) ..................................................................................................... 11

*Silberg v. Anderson*,
 50 Cal. 3d 205 (1990) ........................................................................................................ 11

*Sosa v. DIRECTV, Inc.*,
 437 F.3d 923 (9th Cir.2006) ........................................................................................ 7, 8, 9

*Takhar v. People ex rel. Feather River Air Quality Mgmt. Dist.*,
 27 Cal. App. 5th 15 (2018) .................................................................................................. 5

*Theme Promotions, Inc. v. News Am. Mktg.* FSI,
 546 F.3d 991 (9th Cir. 2008) ............................................................................................... 8

*Trinity Risk Mgmt., LLC v. Simplified Labor Staffing Sols., Inc.*,
 59 Cal. App. 5th 995 (2021) ................................................................................................ 6

*U.S. ex rel. Newsham v. Lockheed Missiles & Space Co.*,
 190 F.3d 963 (9th Cir. 1999) ............................................................................................... 4

*Vess v. Ciba-Geigy Corp. USA*,
 317 F.3d 1097 (9th Cir. 2003) ............................................................................................. 5

*Weeden v. Hoffman*,
 70 Cal. App. 5th 269 (2021) ................................................................................................ 6

**Statutes**

Cal. Bus. & Prof. Code § 17200 ............................................................................................... 10

Cal. Civ. Code § 3426.11 .......................................................................................................... 10

Cal. Civ. Code § 425.16 ..................................................................................................... *passim*

Cal. Civ. Code § 47 ............................................................................................................... 1, 10

Cal. Civ. Code, § 3426.7(b) ...................................................................................................... 12

Cal. Code Civ. Proc., § 425.16(b)(1) ......................................................................................... 4

CCP § 425.16, subd. (a) ............................................................................................................. 5

# NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on April 2, 2026, at 10:00 a.m., or as soon as the matter may be heard by the Honorable P. Casey Pitts, in Courtroom 8, Floor 4 of the above-entitled Court located at 280 South Street, San José, California 95113, Counterclaim Defendants Richard Petretti and Portable Power, Inc. (Portable Power), will and hereby do move, pursuant to Cal. Civ. Proc. Code § 425.16, to strike Energizer Holdings, Inc.'s (Energizer's) state-law counterclaims – the first, second, third, and fifth counterclaims -- and for attorney's fees and costs.

This Motion is based upon the attached Memorandum of Points and Authorities, the files and records of this case, and upon such further argument the Court may permit at the hearing hereof.

DATED: February 12, 2026

Respectfully submitted,

BROWN WHITE & OSBORN LLP

By   *s/Kenneth P. White*
      KENNETH P. WHITE
      Counsel for Counterclaim Defendants
      Richard Petretti and Portable Power, Inc.

**MEMORANDUM OF POINTS AND AUTHORITIES**

### I.   INTRODUCTION

Portable Power, Inc. is a Plaintiff and proposed class representative in this class action. Defendant Energizer Holdings, Inc. ("Energizer") has filed a tactical and meritless Counterclaim against Portable Power, Inc. and its CEO, Richard Petretti (collectively herein, "Portable Power") in a transparent attempt to thwart class certification. Energizer's Counterclaims explicitly seek to chill Portable Power's exercise of its right to petition the government, which is founded both in the First Amendment to the Constitution and California's litigation privilege, Cal. Civ. Code § 47.

Portable Power has filed a concurrent motion to dismiss the Counterclaim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. California's anti-SLAPP statute, Cal. Civ. Code § 425.16 ("Section 425.16"), provides another remedy against Energizer's state law claims: this anti-SLAPP motion. Energizer's Counterclaim is a model SLAPP, premised on speech protected by the anti-SLAPP statute and without a chance of success. Therefore, the Court should strike the state law claims[1] in the Counterclaim and award Portable Power its attorney's fees and costs.

To prevail on this anti-SLAPP motion, Portable Power must first demonstrate that Counterclaim complains of conduct protected by Section 425.16. Thanks to Energizer's admissions, it does so easily. Energizer alleges that Portable Power improperly enticed Stephanie Rice, an Energizer account manager, to send Portable Power Energizer's "trade secrets" so that Portable Power could use them to bring and prove this antitrust litigation. Energizer asserts explicitly and repeatedly that Portable Power did these things in order to gather information to bring and support this litigation, and that Energizer's damages arise from defending this litigation. Counterclaim at ¶ 45. Based on this, Energizer purports to offer five counterclaims: conversion, Counterclaim at ¶¶ 62–67; civil conspiracy, *Id.* at ¶¶ 68–72; misappropriation of trade secrets under the California Uniform Trade Secrets Act ("CUTSA"), Cal. Civ. Code § 3426.1 *et seq.*, *Id.* at ¶¶ 73–78; misappropriation of trade secrets under the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. §§ 1836, et seq., *Id.* at ¶¶ 79–84; and violations of

---

[1] Energizer's fourth counterclaim is federal, brought under the Defend Trade Secrets Act "), 18 U.S.C. §§ 1836, et seq., and therefore not subject to California's anti-SLAPP statute.

1   California's Unfair Competition Law, *Id.* at ¶¶ 82–89.  Energizer's own repeated and explicit

2   admissions show that Portable Power's pre-litigation communications with Ms. Rice were in

3   preparation for—and essential to— this antitrust litigation.  That satisfies Portable Power's burden

4   under the first prong of Section 425.16 of showing that the Counterclaim complains of conduct

5   protected by the statute.

6     The burden therefore shifts to Energizer to show that it has a probability of prevailing on the

7   Counterclaim.  Thanks to its own admissions, it cannot do so for several reasons.

8     *First*, as is set forth in Portable Power's Motion to Dismiss, Energizer's claims are barred on

9   their face by the *Noerr–Pennington* doctrine.  In Energizer's own telling, which Portable Power does

10  not admit is true, Portable Power's pre-litigation communications with Rice were incidental to the

11  prosecution of its lawsuit and intended to promote it. Energizer explicitly alleges that the ultimate

12  purpose of Portable Power's alleged "scheme" was gathering information to file this lawsuit against it.

13  Under controlling authority, Portable Power's alleged investigatory pre-litigation communications

14  cannot be the basis of liability.

15    *Second*, and relatedly, Energizer's counterclaims under the CUTSA, common law conversion

16  and conversion, and unfair competition, are barred by California's litigation privilege.  Energizer

17  alleged that Portable Power's communications were essential to achieve the objects of the antitrust

18  lawsuit and were reasonably relevant to the anticipated lawsuit.  Energizer's allegations establish that

19  the litigation privilege applies.

20    *Third*, Energizer's claims all arise from the same common nucleus of facts: Portable Power's

21  alleged misappropriation of Energizer's supposed trade secrets.  The CUTSA preempts other state law

22  claims arising from the same common nucleus of facts.  Therefore, Energizer's conversion,

23  conspiracy, and unfair competition claims are preempted, and Energizer cannot prevail on them.

24     For these reasons, the Court should grant this Motion and strike Energizer's counterclaims in

25  their entirety.

26  //

27  //

28

## II. STATEMENT OF THE ISSUE

Under California's Anti-SLAPP statute, whether Energizer's state-law counterclaims arise from Richard Petretti's protected statements in anticipation of litigation, and if so, whether Energizer can show that it has a probability of prevailing on each of its counterclaims.

## III. RELEVANT ALLEGATIONS IN THE COUNTERCLAIM

In its Counterclaim, Energizer alleges that Portable Power coordinated with Rice to misappropriate Energizer's "trade secrets," including "confidential pricing matrices, internal communications regarding supplier policies, and proprietary business strategies." Counterclaim at ¶ 80. Energizer repeatedly alleges that Portable Power engaged in the alleged acts complained of in order to gather information for this lawsuit. Counterclaim at ¶ 2 (Portable Power "improperly used this illegally obtained information" in part "as a purported basis for Portable Power's current lawsuit against Energizer"), ¶ 9 (Mr. Petretti "leaned on his personal relationship with Ms. Rice and used the insider information he had gathered to support the present lawsuit against Energizer"), ¶ 26 (Portable Power misappropriated information in part "to support his planned lawsuit against Energizer), ¶ 28 (Portable Power "weaponized that same confidential and privileged information to manufacture and file the present lawsuit against Energizer). Energizer summarizes:

> For nearly three years, Mr. Petretti conspired with Ms. Rice to use Ms. Rice's access to privileged and confidential insider information to facilitate Portable Power's lawsuit against Energizer. In April 2023, Mr. Petretti used the privileged and confidential materials he unlawfully obtained from Energizer to file case no. 23-cv-0209 in the Northern District of California, in Portable Power's name, against Energizer —gaining an unfair litigation advantage with the in terrorem effect of a manufactured antitrust class action. Mr. Petretti did so even though, if he prevails, ostensibly he will only be entitled to receive a small incentive fee and alleged overcharges on a small number of purchases. The privileged and confidential information Mr. Petretti obtained from Energizer is the foundation for Portable Power's claims against Energizer, and despite numerous requests from Energizer, Portable Power and its attorneys have refused to return the misappropriated

documents and information to Energizer. As a result of this scheme, Energizer has been forced to incur substantial business interruptions, costs, and attorneys fees in its defense. Counterclaim at ¶ 45.

Energizer raises four counterclaims based on this common set of facts: (1) conversion, Counterclaim at ¶¶ 62–67; civil conspiracy, *Id.* at ¶¶ 68–72; misappropriation of trade secrets under the California Uniform Trade Secrets Act ("CUTSA"), Cal. Civ. Code § 3426.1 *et seq.*, *Id.* at ¶¶ 73–78; misappropriation of trade secrets under the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. §§ 1836, *et seq.*, *Id.* at ¶¶ 79–84; and violations of California's Unfair Competition Law, *Id.* at ¶¶ 82–89.

### IV.     LEGAL STANDARD

In the Ninth Circuit, Section 425.16 applies to the state law counterclaims claims in this federal question case. *U.S. ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 973 (9th Cir. 1999). That statute allows a motion to strike any "cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech[.]" Cal. Code Civ. Proc. § 425.16(b)(1).

An anti-SLAPP motion requires a two-step analysis. *Gopher Media LLC v. Melone*, 154 F.4th 696, 699 & n.1 (9th Cir. 2025). First, Portable Power must make a *prima facie* showing that the conduct cited in the Counterclaim concerns or arises from protected expression under the anti-SLAPP statute. Cal. Code Civ. Proc., § 425.16(b)(1); *see also Governor Gray Davis Committee v. American Taxpayers Alliance*, 102 Cal. App. 4th 449, 458-59 (2002). In determining whether a defendant sustained the initial burden, courts may consider the pleadings, declarations, and any matters that may be judicially noticed. *Brill Media Co., LLC v. TCW Group, Inc.*, 132 Cal. App. 4th 324, 329 (2005). If, as here, a defendant makes a sufficient initial showing that the cause of action is "based on an act in furtherance of the defendant's right of petition or free speech" as defined in the statute, the burden shifts to Energizer to show that it has a probability of prevailing on the targeted claims supported by competent and admissible evidence. Cal. Code Civ. Proc., § 425.16(b)(1); *see also Premier Med. Mgmt. Systems, Inc. v. California Ins. Guar. Ass'n*, 136 Cal. App. 4th 464, 476 (2006) ("plaintiff must demonstrate that the complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment") (emphasis in original). Energizer must submit

*admissible evidence* to oppose an anti-SLAPP motion. *HMS Capital, Inc. v. Lawyers Title Co.*, 118 Cal. App. 4th 204, 212 (2004). If Energizer cannot carry this burden, the Court must strike the targeted causes of action and award attorney fees and costs to Portable Power. *See Burill v. Nair*, 217 Cal. App. 4th 357, 380 (2012).

V.      **ARGUMENT**

**A.      Based on Energizer's Own Allegations, Portable Power Satisfies The First Prong of the Anti-SLAPP Statute Because its Challenged Conduct (Pre-Litigation Communications) Is an Essential Part of Its Exercising Its Right to Petition.**

Portable Power easily satisfies the first prong of the anti-SLAPP test because Energizer's Counterclaim expressly complains about Portable Power's activities in preparation for this lawsuit.[2]

Section 425.16 protects acts involving free speech and petition, including "any written or oral statement or writing made before a legislative, executive, or judicial proceeding" or "in connection with an issue under consideration or review" in such proceedings. Cal. Code Civ. Proc. § 425.16(e)(1), (2). "The Legislature has directed that the courts construe this language broadly." *Rivero v. American Federation of State, County, and Municipal Employees, AFL-CIO*, 105 Cal. App. 4th 913, 918 (2003) (citing § 425.16(a)).

This provision doesn't just protect *filing* a lawsuit. It well-established that statements made in *preparation* for litigation or in *anticipation* are also protected by the anti-SLAPP statute. *Flatley v. Mauro*, 39 Cal. 4th 299, 322, fn.11 (2006) (citing *Briggs v. Eden Council for Hope & Opportunity*, 19 Cal. 4th 1106, 1115 (1999)); *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1110 (9th Cir. 2003) ("[t]he California Supreme Court has held that 'communications preparatory to or in anticipation of the bringing of an action or other official proceeding are within' the broad ambit of and entitled to protection under § 425.16."); *Dove Audio, Inc. v. Rosenfeld, Meyer & Susman*, 47 Cal. App. 4th 777, 784 (1996) ("Just as communications preparatory to or in anticipation of the bringing of an action or other official proceeding are within the protection of the litigation privilege of Civil Code section 47,

---

[2] While these allegations are sufficient to demonstrate that Portable Power's communications are protected under the first prong and Energizer cannot show a probability of prevailing under the second prong, Portable Power does not admit the truth of these allegations.

1  subdivision (b) … we hold that such statements are equally entitled to the benefits of section
2  425.16."). For instance, in *Takhar v. People ex rel. Feather River Air Quality Mgmt. Dist.*, 27 Cal.
3  App. 5th 15, 29 (2018), the court found that the defendant's investigation of potential claims fell
4  within the "breathing room" of the right to petition.

5      Energizer's Counterclaims focuses on exactly that sort of pre-litigation investigation falling
6  with the "breathing room" of the right to petition. Energizer repeatedly admits its claims are
7  predicated on Portable Power's alleged activities in preparation for or anticipation of this litigation.
8  Counterclaim at ¶¶ 2, 9, 26, 28, 45 ("Mr. Petretti conspired with Ms. Rice to use Ms. Rice's access to
9  privileged and confidential insider information to facilitate Portable Power's lawsuit against Energizer.
10 In April 2023, Mr. Petretti used the privileged and confidential materials he unlawfully obtained from
11 Energizer to file case no. 23-cv-0209 in the Northern District of California, in Portable Power's name,
12 against Energizer —gaining an unfair litigation advantage with the in terrorem effect of a
13 manufactured antitrust class action."). Energizer admits that its Counterclaims are based on Portable
14 Power allegedly seeking material "to support his planned lawsuit against Energizer." *Id.* at ¶ 26. "The
15 privileged and confidential information [Portable Power] obtained from Energizer is the ***foundation***
16 for Portable Power's claims against Energizer." Counterclaim at ¶ 45 (emphasis added). These
17 admissions in the Counterclaim carry Portable Power's burden for it.[3] Cal. Code Civ. Proc. §
18 425.16(b)(2) (Court considers "the pleadings" in determining whether party has carried its evidentiary
19 burden); *Flatley*, 39 Cal. 4th at 326 (same); *Weeden v. Hoffman*, 70 Cal. App. 5th 269, 282 (2021)
20 (analyzing pleadings in evaluating whether causes of action arose from protected activity).

21     In *Trinity Risk Mgmt., LLC v. Simplified Labor Staffing Sols., Inc.*, 59 Cal. App. 5th 995, 1005
22 (2021), the court held that pre-litigation emails "asking for documents and posing questions" were
23 "communications made in preparation for or in anticipation of litigation," because they were
24 essentially pre-filing "discovery request[s]," that is, "informal request[s] for information and
25 documents. Here, Petretti's alleged communications "asking for documents and posing questions" to
26 Rice were also tantamount to pre-suit discovery requests. Counterclaim at ¶ 31 ("Please keep me in

---
[3] *See* Fn. 1.

the loop. . . . Any information is good."); *Id.* ¶ 41 (Petretti "ask[ing]" Rice "for the names of other distributors that were cut off from selling in violation of Energizer's policies"); *Id. at* ¶ 7 (explaining that Rice's role involved "answering questions" and "serving as the main Energizer point of contact for Mr. Petretti and Portable Power.").

*Bergstein v. Stroock & Stroock & Lavan LLP*, 236 Cal. App. 4th 793, 813 (2015), illustrates this point even more clearly. In *Bergstein*, the court concluded that claims arose from protected "litigation activities" when they were based on "conduct in *receiving and using confidential information to prepare for and prosecute litigation*." (emphasis added). That is precisely what Energizer's counterclaims are based on. As in *Bergstein,* Energizer's "*own words*" allege Portable Power "'knowingly used [Energizer's] confidential, privileged, and/or proprietary information . . . to carry out a litigation attack.'" *Id.* at 813 (emphasis added). *See, e.g.*, Counterclaim at ¶¶ 26, 28 (alleging that Petretti induced Rice to send him "confidential and privileged Energizer information," and "weaponized that same confidential and privileged information to manufacture and file the present lawsuit against Energizer"). Similarly, in *Anheuser-Busch Companies, LLC v. Clark*, 622 Fed. Appx. 671 (9th Cir. 2015), the Ninth Circuit found that acquiring and sharing confidential information in preparation for litigation against Anheuser-Busch was protected under the first prong of California's anti-SLAPP. *Id*. at 672.

For these reasons, Portable Power easily carries its initial burden under California Code of Civil Section 425.16 that Energizer's state law causes of action arise from protected activity.

**B.      Energizer Cannot Satisfy Its Burden of Demonstrating a Probability of Prevailing on Its Counterclaims.**

Because Portable Power has carried its burden under the first step of the analysis under section 425.16, the burden shifts to Energizer to show that it has a probability of prevailing supported by competent and admissible evidence. Cal. Code Civ. Proc. § 425.16(b)(1). It cannot do so.

**1.      Energizer's counterclaims are barred by the *Noerr-Pennington* Doctrine.**

As is stated in full in Portable Power's Motion to Dismiss, the *Noerr-Pennington* Doctrine immunizes Portable Power's conduct from Energizer's claim. Portable Power's Motion to Dismiss at Section III(A)(1).

1    To summarize the argument in the Motion to Dismiss, the *Noerr-Pennington* Doctrine protects the First Amendment right to petition the government for redress of grievances. *Nunag-Tanedo v. East Baton Rouge Parish School Bd.,* 711 F.3d 1136, 1138–1139 (9th Cir. 2013). Under the Doctrine, those who petition the government are "generally immune from statutory liability for their petitioning conduct." *Sosa v. DIRECTV, Inc.,* 437 F.3d 923, 929 (9th Cir.2006). The right to petition extends to "all departments of the government" and includes petitioning both state and federal courts through litigation. *Id.* at 929-30; *Kearney v. Foley & Lardner, LLP* 590 F.3d 638, 644 (9th Cir. 2009). The *Noerr-Pennington* Doctrine protects petitioning conduct like lawsuits not just from federal statutory claims, but from state theories. "More importantly, because Noerr–Pennington protects federal constitutional rights, it applies in all contexts, even where a state law doctrine advances a similar goal." *Theme Promotions, Inc. v. News Am. Mktg.* FSI, 546 F.3d 991, 1007 (9th Cir. 2008) (finding Noerr-Pennington applies to California intentional interference claim);

The *Noerr-Pennington* Doctrine protects not just the actual filing of a lawsuit, but investigation and preparation to file the lawsuit. "[I]n the litigation context, not only petitions sent directly to the court in the course of litigation, but also 'conduct incidental to the prosecution of the suit' is protected by the *Noerr–Pennington* doctrine." *Sosa,* 437 F.3d at 934 (emphasis added & citations omitted). The Doctrine immunizes "litigation-related activities preliminary to the formal filing of the litigation," *Id.* at 937, and "communications between private parties," "so long as they are sufficiently related to petitioning activity," *Id.* at 935. *See Globetrotter Software, Inc. v. Elan Computer Grp., Inc.,* 362 F.3d 1367, 1376 (Fed. Cir. 2004) ("[O]ur sister circuits, almost without exception, have applied the Noerr protections to pre-litigation communications.").

In deciding whether the Doctrine immunizes a defendant from claims in a particular lawsuit, this Circuit applies a three-part test: "(1) identify whether the lawsuit imposes a burden on petitioning rights, (2) decide whether the alleged activities constitute protected petitioning activity, and (3) analyze whether the statutes at issue may be construed to preclude that burden on the protected petitioning activity." *Keraney*, 590 F.3d at 644, citing *BE & K Constr. Co. v. NLRB*, 536 U.S. 516, 530-33, 535-37 (2002). Those elements, applied here, show that the Doctrine immunizes Portable Power from the Counterclaim.

1    First, Energizer frankly and repeatedly admits that its claims are predicated on Portable Power's "litigation-related activities," namely, its alleged pre-litigation communications with Rice and investigation of Energizer's antitrust violations. Counterclaim at ¶¶ 2, 9, 26, 28, 45. That burdens Portable Power's right to petition the government. *Sosa*, 437 F.3d at 937. It doesn't matter whether Energizer has styled those petitioning activities as wrongful --- the question is whether this Counterclaim burdens them. *Kearney*, 590 F.3d at 645 ("the question at this stage is not whether the conduct at issue is fraudulent and abusive, but instead whether the success of Kearney's lawsuit would constitute a burden on petitioning rights").

Second, Portable Power's pre-litigation communications with Rice, as described by Energizer, are part of protected petitioning activity. Energizer repeatedly alleges that Portable Power obtained information from Rice in order to promote this lawsuit against Energizer. Counterclaim at ¶¶ 2, 9, 26, 28, 45. In fact, as described by Energizer, Portable Power's activities were *essential* to the lawsuit. *Id.* at ¶ 45. Thus, Energizer's own allegations demonstrate that the activities are not merely "incidental" to the lawsuit, which is all that is required to trigger protection, but inseparable from it.[4] *Sosa*, 437 F.3d at 934–35, 937 (protection extended to pre-litigation demand letters incidental to lawsuit; *Thomas*, 2006 WL 5670938, at *10 (extending protection to "any investigation that led to the filing of the action"); *Harper*, 2008 WL 11410019, at *15 n.71 (discussing cases extending Doctrine to protect investigations in support of lawsuits).

Once again, the fact that Energizer characterizes Portable Power's investigation as misconduct is not dispositive. *See Kearney*, 590 F.3d at 646 (9th Cir. 2009) (rejecting argument that "misconduct" could not be incidental to lawsuit and thus protected by the Doctrine). It's true that petitioning conduct is not absolutely protected if it is a "mere sham" to cover what is "actually nothing more than an attempt to interfere directly with the business relationships of a competitor." *Sosa*, 437 F.3d at 938. But Energizer itself admits that's not what it is claiming here. Rather, it explicitly presents Portable Power's alleged goal to empower and promote this case as central to its counterclaims. Counterclaim

---

[4] *See* Fn. 1.

14

COUNTERCLAIM DEFENDANTS PORTABLE POWER, INC. AND RICHARD PETRETTI'S
SPECIAL MOTION TO STRIKE
Case No. 5:23-cv-02091-PCP-SVK

at ¶ 45. This lawsuit itself is the harm Energizer claims. *Id.* ("As a result of this scheme, Energizer has been forced to incur substantial business interruptions, costs, and attorneys fees in its defense.").

Under the third prong of the Kearney test, the Court must determine whether DTSA, CUTSA, and Energizer's common-law theories may be construed to avoid burdening petitioning conduct and thus avoid the constitutional issue. The Ninth Circuit recently explained how it approaches this analysis:

> [T]he *Noerr–Pennington* doctrine stands for a generic rule of statutory construction, applicable to any statutory interpretation that could implicate the rights protected by the Petition Clause." *Sosa*, 437 F.3d at 931. "Under the *Noerr– Pennington* rule of statutory construction, we must construe federal statutes so as to avoid burdening conduct that implicates the protections afforded by the Petition Clause unless the statute clearly provides otherwise." *Id.* Thus, we ask at step three whether the statute—here 42 U.S.C. § 1983—can be construed to avoid burdening Defendants' Petition Clause rights. *See id.*; *see also id.* at 932 ("Where ... the burdened conduct could fairly fall within the scope of the Petition Clause and a plausible construction of the applicable statute is available that avoids the burden, we must give the statute the reading that does not impinge on the right of petition."). *B&G Foods N. Am., Inc. v. Embry*, 29 F.4th 527, 539–40 (9th Cir. 2022)

Here, nothing in CUTSA, California's unfair competition statute, or California's common-law conversion or civil conspiracy doctrines requires this Court to construe them as purporting to prohibit protecting petitioning activity like investigating and gathering information in order to support an antitrust suit:

- CUTSA expressly acknowledges California's litigation privilege, Cal. Civ. Code § 47, and creates an exception only for disclosures to a "competitor or potential competitor" in the course of litigation, demonstrating an intent to protect litigation conduct like that at issue here. Cal. Civ. Code § 3426.11.

15
COUNTERCLAIM DEFENDANTS PORTABLE POWER, INC. AND RICHARD PETRETTI'S
SPECIAL MOTION TO STRIKE
Case No. 5:23-cv-02091-PCP-SVK

- California's Unfair Competition Law expressly defines unfair competition as a "unlawful, unfair, or fraudulent" business practice. Cal. Bus. & Prof. Code § 17200. Nothing about that definition need reach protected petitioning activity.
- Nothing in California's common law of conspiracy or conversion requires the Court to interpret it to purport to prohibit protected petitioning

In short, Energizer cannot show that any of its claims is based on a statutory or common-law authority that must be interpreted to prohibit protected petitioning activity.

Therefore, Energizer cannot prevail on its state law claims because they are barred by the *Noerr-Pennington* Doctrine.

### 2. The Litigation Privilege Bars Energizer's CUTSA and Common Law Claims.

California's litigation privilege also bars Energizer's state law claims, precluding it from making its second-prong showing under Section 425.16.

The litigation privilege is codified in California Civil Code Section 47(b) and "precludes liability arising from a publication or broadcast made in a judicial proceeding or other official proceeding." *Bergstein*, 236 Cal. App. 4th at 814 (quotations omitted). The privilege applies to "any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action." *Silberg v. Anderson*, 50 Cal. 3d 205, 212 (1990). The litigation privilege is broadly interpreted to achieve the purpose of affording "utmost freedom of access to the courts without fear of being harassed subsequently by derivative tort action." *Action Apartment Assn., Inc. v. City of Santa Monica*, 41 Cal. 4th 1232, 1241 (2021). To that end, statements made in pleadings and testimony in court statements, as well as "statements made *prior* to the filing of a lawsuit, whether in *preparation for* anticipated litigation or to *investigate* the feasibility of filing a lawsuit," are protected by California's litigation privilege. *Bergstein*, 236 Cal. App. 4th at 814 (emphasis added); *see Rusheen v. Cohen*, 37 Cal. 4th 1048, 1057 (2006) ("It is not limited to statements made during a trial or other proceedings, but may extend to steps taken prior thereto, or afterwards."); *Briggs*, 19 Cal. 4th at 1115 (communications made in preparation of or anticipation of lawsuit may be privileged).

As shown in Section IV(A), above, Energizer itself repeatedly and explicitly claims that Portable Power's pre-litigation communications with Rice were far more than "reasonably relevant" to this lawsuit—they were essential.[5] Energizer describes the communications as the "foundation" of this litigation, and asserts that but for them the litigation could not exist. Counterclaim at ¶¶ 45, 27-28 [alleging that Portable Power persuaded Rice to send Energizer's business information so it could "file the present lawsuit against Energizer").

Moreover, the litigation privilege bars Energizer from seeking equitable and injunctive relief under California's Unfair Competition Law. "When specific legislation provides a 'safe harbor,' plaintiffs may not use the general [UCL] to assault that harbor." *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 182 (1999). The litigation privilege codified in section 47(b) provides such a "safe harbor." *People ex rel. Gallegos v. Pac. Lumber Co.*, 158 Cal. App. 4th 950, 959 (2008). Thus, Energizer cannot "plead around" this section "by relabeling the nature of the action as one brought under the [UCL]." *Rubin v. Green*, 4 Cal. 4th 1187, 1201 (1993) (quotations omitted). Because Portable Power's conduct was "clearly communicative," it is "absolutely immune from civil tort liability," and "[t]o permit the same communicative acts to be the subject of an injunctive relief proceeding brought by this same plaintiff under the unfair competition statute [would] undermine[] that immunity." *Id.* at 1202. "If the policies underlying section 47(b) are sufficiently strong to support an absolute privilege, the resulting immunity should not evaporate merely because the plaintiff discovers a conveniently different label for pleading what is in substance an identical grievance arising from identical conduct as that protected by section 47(b)." *Id.* at 1203.

In short, California's litigation privilege bars Energizer from prevailing on any of its state law claims.

### 3. Energizer's conversion, conspiracy, and unfair competition counterclaims are preempted.

In addition, Energizer cannot prevail on its state law claims for conversion, civil conspiracy, and unfair competition because CUTSA preempts them.

---

[5] *See* Fn. 1.

CUTSA preempts claims that are based on the same nucleus of facts as a CUTSA misappropriation of trade secrets claim. *K.C. Multimedia, Inc. v. Bank of America Technology & Operations, Inc.*, 171 Cal. App. 4th 939, 962 (2010); *Implicit Conversions, Inc. v. Stine,* No. 24-CV-03744-WHO, 2025 WL 2323354, at *3 (N.D. Cal. Aug. 11, 2025) ( "CUTSA preempts common law claims that "are based on the same nucleus of facts as the misappropriation of trade secrets claim.") CUTSA contains a "savings clause," which permits a party to pursue "(1) contractual remedies, whether or not based upon misappropriation of a trade secret, (2) other civil remedies that are not based upon misappropriation of a trade secret, or (3) criminal remedies, whether or not based upon misappropriation of a trade secret." Cal. Civ. Code, § 3426.7(b). Otherwise, CUTSA preempts attempts to sue for misappropriation of trade secrets through other common law or state statutory theories. For instance, courts have found that the CUTSA preempts claims for conversion, unjust enrichment, conspiracy, and unfair competition when based on the same nucleus of facts. *Arthur J. Gallagher & Co. v. Tarantino*, No. 20-cv-05505, 2022 WL 4092673, at **14-16 (N.D. Cal. Jul. 15, 2022) (conspiracy claim preempted); *Copart, Inc. v. Sparta Consulting, Inc.*, 277 F. Supp. 3d 1127 (E.D. Cal. 2017) (conversion, unfair competition, and unjust enrichment subject to preemption).

Here, all of Energizer's claims are all based on the same nucleus of facts: its assertion that Portable Power misappropriated confidential information from Energizer through Ms. Rice. Therefore, its first, second, and fifth claims for conversion, conspiracy, and unfair competition are preempted, and Energizer cannot prevail on them.

## VI.   CONCLUSION

For the reasons above, Portable Power has easily carried its first-prong burden under the anti-SLAPP statute, and Energizer cannot carry its burden. The Court should therefore grant this anti-SLAPP motion, dismiss Energizer's state Counterclaims, and award Portable Power its fees and costs.

//

//

DATED: February 12, 2026                    Respectfully submitted,

                                                      BROWN WHITE & OSBORN LLP

By    *s/Kenneth P. White*
             KENNETH P. WHITE
      Counsel for Counterclaim Defendants
     Richard Petretti and Portable Power, Inc.